## McKee's Appeal.

1. In a bequest of personalty, unless a contrary intention is indicated by the will, the word "heirs" signifies the testator's heirs as ascertained by the statute of distribution.

2. A testator, in his will, drawn by himself, directed his executors to sell his real estate, and divide the proceeds as follows: "To all my living heirs an equal share, that is, share and share alike, that is, to my daughter, Eliza A. Crombie and children, Rachel J. McKee and her children, Mary Ann Craig's two children, equal shares."

*Held,* that the word "children" in connection with the bequests to Eliza A. Crombie and Rachel J. McKee, was not a word of purchase, and, therefore, that said legatees were entitled to take under the will, to the exclusion of their children.

November 7th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Allegheny county :* Of October Term 1883, No. 216.

Appeal of Samuel H. McKee from a decree of said court dismissing the petition of the administrator d. b. n. c. t. a. of Samuel Henry, deceased, for leave to sell certain real estate.

The petition set forth the death of Samuel Henry, the testator, on or about June 25th 1871 ; that by his will, which was drawn by his own hand and was without date, he directed his real estate, in Allegheny county, to be sold by his executors at any time within five years after his widow's death, either at public or private sale, and the proceeds thereof to be divided as follows: "to all my living heirs an equal share, that is share and share alike, that is to my daughter Eliza A. Crombie and children, Rachel J. McKee and her children ; Mary Ann Craig's two children equal shares ;" that at the time testator made his will, Eliza A. Crombie had issue living, three children, and Rachel J. McKee had issue living, two children, all of whom were still surviving except Elmira E., daughter of Rachel J. McKee, who was intermarried with William McKinney, and died intestate, leaving issue a child, Lulu J. McKinney.

The petitioner, who succeeded the executors appointed by the will, assuming that the children of Eliza A. Crombie and Rachel J. McKee were parties interested under the will in the proceeds of the testator's real estate, prayed for an order to sell the same, with a view to making distribution of the proceeds among all the parties in interest.

To the petition, the answer of Hans B. Crombie and Eliza A., his wife, set up the acceptance, as shown by a deed of partition, by Hans B. Crombie and Eliza A., his wife, R. C. McKee and Rachel J., his wife, and the two children of Mary Ann

Craig, of the real estate, instead of the proceeds, and that they were the only parties in interest under said will.

After argument, the court entered a decree dismissing the petition, on the ground that the children of Mrs. McKee and Mrs. Crombie were not parties interested in the proceeds of the real estate under the will; and that all parties in interest having accepted the real estate instead of the proceeds, the jurisdiction of the court to order the sale had thereby been taken away.

Whereupon, Samuel H. McKee, one of the children of the said Mrs. McKee, took this appeal, assigning for error the decree of the court.

*James W. Collins*, for the appellant.—The phrase "living heirs," used by the testator, is qualified by the one which follows, where he explains who compose the said class by including Mrs. Crombie and her children and Mrs. McKee and her children. The use of the word children three times in the same sentence was intended to enlarge the number included among his living heirs, so as to take in not only his daughters but their children. If the word children is used by a testator, not to denote succession, but as descriptive of the persons who are meant by the term living heirs, the rule of law is then, that where there is a gift to one, and his children, and there are children living at the date of the will, they take the whole interest jointly with the parent: Williams on Exrs. 1094; De Witte *v.* De Witte, 11 Sim. 41; Paine *v.* Wagner, 12 Id. 184; Bustard *v.* Saunders, 7 Beav. 92.

*J. A. Evans*, for appellee.—The word "heirs" in a gift of personal property has uniformly been construed to mean such persons as would take under the statute of distribution, had the testator died intestate: Baskin's Appeal, 3 Pa. St. 304; Barnitz's Appeal, 5 Pa. St. 264; 2 Williams on Exrs. 1109. Testator evidently did not know that the gift "to all his living heirs" would include the children of his deceased daughter, and in the second clause of the bequest he includes them specifically, and in view of the possible death of either of his other daughters, he makes their children his beneficiaries also, not in conjunction with their mother, but in case of her death before his own. To the mind of the testator both of these clauses had the same meaning, and standing alone with nothing in the context to indicate which is to govern in the construction of this will, we may as readily adopt one as the other, and a strong support to the construction placed upon the will by the learned judge below, is the principle of law, that where a bequest is capable of two meanings the one will be adopted which follows

the statute of distribution : Stehman's Appeal, 45 Pa. St. 398 ; Horwitz *v.* Norris, 60 Pa. St. 261 ; Minter's Appeal, 40 Pa. St. 111.

Mr. Justice CLARK delivered the opinion of the court, January 7th 1884.

The question distinctly presented upon this record is, whether or not, the children of Eliza A. Crombie and of Rachel McKee are parties interested under the will of Samuel Henry, deceased, in the proceeds of the sale of his real estate.

The clause of the will out of which the contention arises is in the words following :

" I will and bequeath to all my living heirs an equal share, that is, share and share alike, that is, to my daughter Eliza A. Crombie and children, Rachel J. McKee and her children, Mary Ann Craig's two children equal shares."

In a bequest of personalty, unless a contrary intent is indicated by the will, the word " heirs " signifies the testator's heirs, as ascertained by the statute of distribution : Baskins' Appeal, 3 Penna. St. 304 ; Eby's Appeal, 3 Norris 241 ; Bender's Appeal, 3 Gr. 210. In this will the bequest is, in the first instance, " to all my living heirs, an equal share, that is share and share alike." Under the rule of construction referred to, if this clause ended here, no doubt whatever could exist as to the effect of the bequest ; his " living heirs " when the will took effect were his daughters, Eliza and Rachel, and the two children of his deceased daughter Mary Ann.

The testator, however, proceeds, in the same clause, as if to designate with more certainty the objects of his bounty, and adds, " that is to my daughter, Eliza A. Crombie and children, Rachel J. McKee and her children, Mary Ann Craig's two children equal shares." It is contended, that these words of the will show the testator's intent to have been, that his living daughter's children should be legatees, jointly with their parents, respectively ; but this would be inconsistent with the previous part of the same clause of the will, and the whole clause would involve a contradiction, as his daughter's children were neither then, nor at the time of his death, in any sense, his heirs. If this was the intention of the testator he would, doubtless, by name or number, or otherwise, have made some designation of those whom he intended to embrace in this provision of his will. We are not informed by anything which is contained in the will whether the testator had in view his daughters' children in esse at the date of the will, or at his death, or at the distribution, or whether he had in mind all their children then or thereafter to be born. When he speaks of the children of his daughter Mary Ann, who are certainly intended to be legatees,

[McKee's Appeal.]

his designation is complete; their bequest is to "Mary Ann Craig's *two* children." We do not of course regard it as essential, that he should have given this particular designation, but we do regard his failure so to do, as a circumstance which bears upon the fact of his real intent.

The subsequent clause of his will, in which the testator, referring to the note of R. C. McKee, says, that "Eliza A. Crombie has as good right to a share of the profits as Rachel Jane McKee," although, perhaps, not very potential, affords a slight indication, that their children were not legatees, taking jointly with their parents.

We are of opinion that the testator, in the writing of his will, was impressed with the belief, that he had embarrassed his meaning by the use of the words "living heirs," his daughter Mary Ann being dead; that the second member of this particular clause was introduced into his will, to show that he did not thus intend to exclude the children of such of his "heirs" as might be dead, from participation in his estate, and that the word "children," when used in connection with the making of the bequests to Eliza and Rachel, was introduced by way of substitution, or to indicate the succession which should result if death should also remove either or both of them. We cannot, therefore treat the word "children" as a word of purchase, in the connection here used.

The will is certainly obscure; it was written by the testator himself, who seems to have been altogether unacquainted with the force of technical words; and this, in our opinion, was the unfortunate cause of this obscurity. If he had understood the full legal effect of his first disposition, he would not, we think, have involved it in the doubt resulting from the explanation he gave of it. The intention of the testator, in the construction of wills, if lawful, must, of course, control every other consideration, and bear down every other rule of interpretation; and we are inclined to adopt the views expressed by the learned court below, as we think this gives the whole will the most harmonious effect and follows the manifest intention of the testator.

Decree affirmed, and it is ordered that the costs of this appeal be paid by the appellant.