Northwestern Masonic Aid Association of Chicago *v.* Jones et al., Appellants.

[Marked to be reported.]

*Beneficial associations—Insurance—Distribution.*

An association organized not to do business for profit or gain, but to pecuniarily aid the widows, orphans, heirs and devisees of its members, is not an insurance company : Com. v. Beneficial Assn., 137 Pa. 412, applied.

A beneficial association organized under the laws of Illinois issued certificates by which it agreed to pay the amounts contained in them " to the devisees or if no will to the heirs at law " of its members. A member died without children, leaving a will by which he appointed an executor, but

made no specific bequest of the benefits represented by the certificates. *Held,* (1) that the certificates were not wagering contracts and that the deceased had power to insure his life for the benefit of his heirs; (2) that the word "heirs" did not mean "executor" or "estate," but distributees under the intestate law; (3) that the testator had no property in the fund, but a mere power of appointment; (4) that the executor was not a "devisee" within the meaning of the certificate; and (5) that the fund was properly distributed under the intestate laws of testator's domicile.

*Intestate law—Widow—Conflict of laws.*

In the above case the widow claimed the entire fund because, under the laws of Illinois, the whole personal estate where there are no children descends to the widow. *Held,* that the fund being personal property followed the situs of the person whose heirs were to take it, and was to be distributed under the laws of Pennsylvania, in which state the deceased had his domicile at the time of his death.

Argued March 20, 1893. Appeals, Nos. 24, July T., 1892, and 194, Jan T., 1893, by Jeremiah C. Chance, executor of Wm. D. Jones, deceased, and Catharine B. Jones, widow, from decree of C. P. No. 3, Phila. Co., March T., 1891, No. 81, on interpleader bill. Before STERRETT, C. J., WILLIAMS, Mc-COLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Interpleader bill to determine ownership of fund.

The case was referred to Dimner Beeber, Esq., as master, from whose report it appeared that, in 1885, Wm. D. Jones, then domiciled in Philadelphia, procured three certificates of membership in the Northwestern Masonic Aid Association of Chicago, a corporation of the state of Illinois. These certificates were payable "to the devisees, or if no will, to the heirs of the said William D. Jones." Mr. Jones died in 1890, domiciled in Philadelphia, leaving a widow, but no children. By his will he gave a specific legacy to his wife and directed his executors to convert all of his property and divide it among his widow and brothers and sisters and issue of deceased brothers and sisters of the whole blood. He made no specific bequest of the fund represented by the certificates. Other facts appear by the opinion of the Supreme Court.

In accordance with the recommendation of the master the court distributed the fund to the widow and next of kin in accordance with the intestate laws.

*Error assigned* by the executor was (2) in refusing to award the fund to the executor of Wm. D. Jones.

*Error assigned* by the widow, Catharine B. Jones, was (3) in awarding half the fund to the collateral kin of Wm. D. Jones.

*J. Howard Gendell*, for executor.—The contracts are policies of insurance : Thorne v. Travelers Ins. Co., 80 Pa. 15 ; Mutual, etc., Co. v. Bales, 92 Pa. 352 ; List v. Com., 118 Pa. 322 ; Com. v. Equitable Beneficial Assn., 137 Pa. 413 ; Ruth v. Katterman, 112 Pa. 251 ; Gilbert v. Moose, 104 Pa. 74 ; Grant v. Kline, 115 Pa. 618 ; Meily v. Hershberger, 16 W. N. 186 ; Stoner v. Line, 16 W. N. 187. Heirs as such have no insurable interest : Corson's Ap., 113 Pa. 438 ; Gilbert v. Moose, 104 Pa. 74 ; Kohr v. Wolf, 16 W. N. 189 ; Brockway v. Ins. Co., 9 Fed. R. 249.

By the word "heirs," testator intended "representatives," that is, executors or administrators, or perhaps we may say his estate : Bacon on Benefit Societies, § 291 ; McKee's Ap., 104 Pa. 571 ; Shaw Relief Co. v. New Bedford, 19 Fed. R. 753 ; May v. Logan Co., 30 Fed. R. 250 ; McCabe v. Spruil, 1 Dev. Eq. 189 ; Kennedy's Est., 2 W. N. 492. So large a sum cannot be removed from the claims of the creditors of the insured, except by virtue of the act of April 15, 1868, 1 Purd., p. 924, pl. 103, which has no application : Ghormley v. Smith, 139 Pa. 584 ; King's Est., 14 W. N. 77 ; McNeil v. U. O. of Golden Cross, 131 Pa. 339. The policies in Northwestern, amounting to $8,500, are payable to the "devisees, or, if no will, to the heirs." While there was a will, no doubt, the true construction is a will relating to this property : Aubert's Ap., 109 Pa. 447 ; Taylor v. Smiley, 9 W. N. 30 ; Rawle's Ap., 106 Pa. 193 ; Cobb v. Biddle, 14 Pa. 444 ; Chew's Exr. v. Chew, 28 Pa. 17 ; Shippen v. Clapp, 36 Pa. 89 ; King's Est., 14 W. N. 77 ; Stokes's Est., 20 W. N. 48.

*Richard P. White*, *Joseph P. McCullen* with him, for Catharine B. Jones.—It is not correct to say that though these are contracts of beneficial societies, the principles and rules relating to insurances apply : Benefit Ass'n v. Blue, 120 Ill. 121 ; Lemon v. Ins. Co., 38 Conn. 294 ; Rawls v. Ins. Co., 27 N. Y. 282 ; Fairchild v. Ins. Co., 51 Vt. 613 ; Langdon v. Ins. Co., 14 Fed. R. 272 ; Scott v. Dickson, 108 Pa. 6 ; Cunningham v. Smith, 70 Pa. 450.

In a bequest of personalty, unless a contrary intent is indicated, the word "heirs" signifies the testator's heirs as ascertained by the statute of distribution: Baskin's Ap., 3 Pa. 304; Eby's Ap., 84 Pa. 241; McKee's Ap., 104 Pa. 573; Ashton's Est., 134 Pa. 390.

We admit it to be well adjudged that a man cannot settle his own property free from his debts, but this does not help the executor's claim any, because the fund in this case was never the property of Jones: Com. v. Duffield, 12 Pa. 279.

The creditors cannot seize or reach such moneys: Maryland Red Men's Assn. v. Clendinen, 44 Md. 429; Association v. Priest, 46 Mich. 429; Murray v. Strang, 28 Ill. Ap. 608; Worley v. Assn., 10 Fed. Rep. 227; Ins. Co. v. Miller, 13 Bush, 489; Beeckel v. Order, 58 Hun, 7; Bown v. Assn., 33 Hun, 263; Fenn v. Lewis, 10 Mo. Ap. 478, affirmed in 81 Mo. 259; Loos v. Ins. Co., 41 Mo. 538.

The rule is well settled that the place where a contract is made is to be determined by the place where the last thing is done to make it a complete contract. Parsons on Contracts, 94; Todd v. Ins. Co., 3 W. N. C. 330; Hyde v. Goodnow, 3 Comstock (N. Y.) 266; Huntley v. Merrill, 32 Barb. 626 Jackson v. Horton, 126 Ill. 566; Rawson v. Rawson, 52 Ill. 62; Kaiser v. Kaiser, 13 Daly, 522.

*Isaac D. Yocum, Wm. B. Crawford* with him, for appellees. —The character and the purposes of this association exclude the executor appellant absolutely. If his contention is sound it would frustrate the very object of the formation and existence of this association. It is not formed for the purpose of paying debts, and indeed the money arising under these certificates cannot be appropriated to that purpose against the wish of the beneficiary: Hodge's Ap., 8 W. N. 209; Morrell Est., 8 W. N. 183; Britton v. Supreme Council, 46 N. J. Eq. 102; Folmer's Ap., 87 Pa. 133; National Aid Ass'n v. Gonser, 43 Ohio, 1.

Mr. Jones did not have power to appoint in any manner he thought proper. By the charter of the company and its laws, his power was restricted to a class, namely, "widows, orphans, heirs and devisees." He could not have bequeathed the fund to his creditors.

The proceeds could not have been bequeathed to persons outside the classes named in the articles of incorporation: Britton v. Supreme Council, 46 N. J. Eq. 102; Nat. Mut. Aid Assn. v. Gonser, 43 Ohio, 1.

Personal property has no locality, but it is subject to the law which governs the person of the owner, with respect to the disposition of it, with respect to the transmission of it, either by succession or by act of the party; it follows the law of the person: Story, Conf. L. 538; Gauch v. St. Louis Mut. Life Ins. Co., 88 Ills. 254; Elsey v. Oddfellows, 142 Mass. 224; Sutherland v. Sutherland, 69 Ill. 481; Kaiser v. Kaiser, 13 Daly, 522.

OPINION BY MR. JUSTICE THOMPSON, April 3, 1893:

" The Northwestern Masonic Aid Association of Chicago was incorporated under the general laws of the state of Illinois and the object of its incorporation was to secure pecuniary aid to the widows, orphans, heirs and devisees of deceased members of said association." · William D. Jones of Philadelphia on October 19, A. D. 1885, became a member of this association and received three division certificates of membership representing an aggregate of $8,500. In these certificates the association agrees and promises to pay the amounts contained in them " to the devisees or if no will to the heirs at law of William D. Jones." On July 23, A. D. 1890, he died, leaving a will by which he devised to his wife the amount of a certain policy of insurance, directed that his estate be converted into cash and the proceeds be divided between his wife and certain brothers and sisters. Due proof was made to the association of his death and the amounts contained in the certificates thus became due and demandable. The fund however having been claimed by the executor of William D. Jones, deceased, by his widow, and by his brothers and sisters and nephews and nieces, the association filed its bill praying for an interpleader and for leave to pay money into court. This has been done and the fund is now for distribution. The executor claimed that it should not be removed from the ordinary course of administration and the demands of creditors, because the contracts were insurances; because heirs as such have no insurable interest and even if this money had been paid to them it could have

been recovered from them by him, and a fortiori must be paid directly to him; because the word heirs should be construed executor or estate; because the law will not permit the removal of so large a sum from the claims of creditors; and because the executor is a devisee for the purposes of the estate and the money comes to him under the will.

The purpose of the association was to secure pecuniary aid to the widow, orphans, heirs and devisees of deceased members of said association. The testator became a member of it and upon his death the amounts of the certificates were to be paid to his devisees or in case of no will to his heirs. Under the laws of the state of Illinois such an association is not an insurance company. The amendment to the act under which the association was incorporated expressly provides that " associations (such as this one) which are intended to benefit widows, orphans, heirs and devisees of deceased members thereof, and where no annual dues or premiums are required, and where the members shall receive no money as profit or otherwise shall not be deemed insurance companies." The association was not organized to do business for profit or gain, but was established with a view to pecuniarily aid the widows, orphans, heirs and devisees of its members. In Commonwealth v. Beneficial Association, 137 Pa. 412, Justice CLARK said : " Such societies are rather of a philanthropic or benevolent character, their beneficial features may be of a narrow or restricted character; the motives of the members may be to some extent selfish; but the principle upon which they rest is founded in the considerations mentioned. These benefits by the rule of their organization are payable to their own unfortunate, out of funds which the members have themselves contributed, for the purpose, not as an indemnity or security against loss, but as a protective relief in case of sickness or injury or to provide the means of a decent burial in the event of death." The association is not an insurance company nor are these certificates, issued by it in the state of Illinois, contracts of insurance.

The contention that the heirs have no insurable interest and consequently an executor has a right to the fund, and even if received by the heirs could be recovered by him, has no substantial basis. The certificates provide that by reason of membership the devisees or in case of no will the heirs, are to

receive the designated sums.   That a person however has an insurable interest in his own life and can insure it for his heirs or even for a stranger cannot be questioned: Scott v. Dickson, 108 Pa. 6; Beneficial Association v. Blue, 120 Ill. 121.   These contracts however were made in good faith, without any misrepresentation, and in the form prescribed by the laws of the state in which they were made, and they were not wagering contracts in any sense.

It is contended that the word heirs should be construed executor or estate.   These contracts are specifically made for heirs or devisees.   They designate a class and if the testator had appointed one of such class, no question could have been raised as to his right to the fund.   If none have been designated the fund must necessarily go to the class.   The fund is now in court and is for distribution at the domicile of the decedent. The word heirs, while perhaps inaccurately used, was clearly intended to mean distributees under the intestate law of his domicile.   Where the word heirs in a bequest of personalty is used, unless a contrary intent is shown, it signifies heirs as designated by the statute of distribution of decedent's domicile: Ashton's Est., 134 Pa. 390; McKee's Ap., 104 Pa. 571; Eby's Ap., 84 Pa. 241.

The testator had no property in the fund during his life; he had the power to appoint by his will the beneficiaries within a certain class, and it is very clear that the word heirs was not intended to include an executor or administrator as among that class.

It was contended also that such a large sum could not be removed from the claims of creditors.   When these certificates were issued Jones was not insolvent, and it was not intended by him that any portion of his estate was to be placed beyond the reach of his creditors.   In the event of his death the sum specified was to be paid to his devisees or to his heirs.   The fund in fact was never his property.   He had a power of appointment only and such power did not create any property in him: Commonwealth v. Duffield, 12 Pa. 279.   The purpose of these certificates excludes the claim that there was any property in him.   The charter of the association provides that the object of the association shall be to secure pecuniary aid to the widows, orphans, heirs and devisees, and Jones had simply the

power to devise to a person of the class for whose relief the association was organized. The certificates cannot therefore be said to settle property free from his debts.

It was contended that the money is payable to the executor as devisee. The executor is not one of the class of beneficiaries named, and the duty to collect the assets of the estate to pay its debts cannot make him such a devisee. If he were such devisee and received this money it would in fact go to the creditors, but the certificates in question were intended as benefits to the class named, and the funds were thus intended to be placed beyond the reach of creditors: Mullins v. Thompson, 51 Texas, 7 ; Bown v. Mutual Assn., 33 Hun, 266 ; Association v. Priest, 46 Mich. 429; Worley v. Association, 10 Fed. R. 227.

The widow of the decedent claimed the entire fund, because the certificates were executed in the state of Illinois, and under the laws of that state the whole personal estate where there are no children descends to the widow. The bill in this case avers that an application was made by William D. Jones of Philadelphia, the certificates recite they were issued to him in consideration of and in reliance upon the agreements and representations made in the application. They were thus issued to him as a citizen of Pennsylvania, and contained a promise to pay to his devisees or his heirs at law. The fund is to be treated for purposes of distribution as personal property, and as such the contracts manifestly intended that the distribution of it should be according to the intestate law of the domicile of Jones. To hold otherwise would be to declare, in contracts of this kind made in different states, that one person might have shifting sets of heirs. The statute rule of Illinois applies only to persons domiciled in that state. Its common law rule is " that personal property has no situs but follows the person of the owner and is distributed according to the intestate laws of such owner's domicile: Richards v. Miller, 62 Ill. 417. As Jones at the time of his death had his domicile in Pennsylvania, the fund in court for distribution is to be distributed under the intestate laws of this state, and the widow is not entitled to the whole of the fund.

Decree affirmed and appeals dismissed at cost of appellants.