## R. M. Kinsloe & Son *v.* Thomas B. Davis and the Pennsylvania R. R. Co., Garnishee and Appellant.

*Beneficial associations—Attachment execution.*

An attachment execution will not lie against a railroad company as custodian of an employees' relief fund, on a judgment against a beneficiary named in the certificate of a deceased member of the relief association, where it appears that, by the rules of the association, the beneficiary is only entitled to the payment of the benefits upon the execution of a release to the railroad company, and such release has not in fact been executed.

Argued Jan. 8, 1895. Appeals Nos. 445 and 446, Jan. T., 1894, by garnishee, from orders of C. P. No. 4, Phila. Co., March T., 1892, Nos. 1180 and 1181, entering judgments against garnishee on answers. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Attachment execution. Rule for judgment upon answers.

From the record it appeared that upon judgments entered by the plaintiffs against Thomas B. Davis and William S. Davis respectively, attachment executions were issued and served, in which the Pennsylvania Railroad Company was sum-

moned as garnishee. Interrogatories in attachment in the usual form were filed in each case, and also the following special interrogatory :

"Seventh: Is not the defendant the son of a deceased employee of the Pennsylvania Railroad Company, and as such son do you not hold in your hands the sum of $50.00 or any other sum due to him from your relief department, in which his father was a member?"

In each case answers were filed on behalf of the garnishee in the following form :

"For answer to the interrogatories served upon the Pennsylvania Railroad Company, garnishee in above-named cause, J. A. Anderson saith that he is the superintendent of the Pennsylvania Railroad Voluntary Relief Department, and as such has knowledge of the relations that have existed between said company, garnishee, and the said defendant.

"That the respondent does not personally know the defendant in above-named action. That the garnishee has not had business transactions with the defendant, nor was it at the time the writ in this case was served upon it, nor has it been since, indebted to the defendant in any manner whatsoever, nor has the said garnishee in its possession or under its control any property or estate of the defendant, nor has any claim of any kind been made by the defendant upon the garnishee for any money or property whatsoever, saving and excepting always as follows :

"That William Davis, of Newton Hamilton, Mifflin county, Pennsylvania, who had been in the employ of the said company, garnishee, for many years in its Maintenance of Way Department, became on the 29th of March, 1886, a member of the Pennsylvania Railroad Relief Fund, administrated by the aforesaid department, and so continued until his death. That said William Davis died on April 21, 1892, from natural causes. That under the regulations governing the said relief department, death benefit of $250 became in such case due and payable to the beneficiaries designated by the said member in his application for membership in said relief fund. That the beneficiaries designated by the said William Davis were his children, of whom five were named as living, one of them being Thomas B. Davis (William S. Davis), who, as the respondent is advised and believes, is the defendant herein.

" That there is now due to the said defendant from the said garnishee the one fifth part of the said sum of $250, to wit, the sum of $50.00, less one fifth part of the funeral expenses paid, amounting to $13.00, but that said sum of $50.00, less the aforesaid part of the funeral expenses, under the regulations and practices of the said relief department, is payable only to the said defendant, and only upon the condition precedent of the execution and delivery to the said garnishee by the said defendant of a full release of all claims whatsoever that might or could be had by said defendant against said garnishee."

A rule for judgment upon these answers was taken by the plaintiff in each case, and after hearing judgment was entered upon the answers against the garnishee.

The garnishee appealed.

*Error assigned* was above order.

*John Scott, Jr.*, for appellant, cited: Johnson v. R. R., 163 Pa. 127; Graft v. R. R., 8 Atl. 206; Owens v. R. R., 35 Fed. Rep. 715; State v. R. R. Co., 36 Fed. Rep. 655; Martin v. R. R., 41 Fed. Rep. 125; Fuller v. R. R., 67 Md. 433; Fuller v. R. R., 10 Atl. 237; Spitze v. R. R., 23 Atl. Rep. 307; R. R. v. Beatty, 134 Pa. 294; B. & O. R. R. v. McCullough, 12 Grattan, 595; Ross v. McKinny, 2 Rawle, 227; Lane's App., 105 Pa. 73; Fessler v. Ellis, 40 Pa. 248; Dougherty v. Hunter, 54 Pa. 380.

*Peter Boyd*, for appellees.

OPINION BY MR. JUSTICE WILLIAMS, April 29, 1895:

The judgment in this case was entered " on answers " made by the garnishee. The complaint now made is that the answers were misunderstood, or their legal effect mistaken, by the court below. The plaintiff alleged that the railroad company was indebted to Thos. B. Davis, the defendant, and sought to reach the alleged debt by an attachment execution in which the railroad company was made garnishee. Interrogatories were served and the answers on which the judgment was entered were made in response to them. These answers deny any indebtedness to the defendant and any business transactions with him, but pro-

ceed to state that his father was for many years in the employ
of the railroad company and became in March, 1886, a member
of the Pennsylvania Railroad Relief Fund. This fund, made
up from fees and dues of members and donations made by the
railroad company, is administered by the company in accord-
ance with certain fixed rules and regulations. One of these
appears to be that the members may name the beneficiary to
whom at his death the sum named in the certificate shall be
paid. Another requires the company to pay only to the person
or persons named as beneficiaries, and upon the execution of a
release to the company from all claims that might or could be
made by such beneficiary for or on account of the death of said
member. The answers further set forth that William Davis
the father of the defendant named his five children as his
beneficiaries, so that the defendant would be entitled to receive
from the company upon the execution of the release required,
one fifth of $250 less one fifth of the funeral expenses; but
that under the " regulations and practice of the said relief de-
partment" this sum would be payable to the defendant only,
and not to him until the execution and delivery of the release.

Such associations organized for the relief of members in case
of injury, and of their families in case of death, are not against
public policy : Johnson v. The Phila. & Reading Railroad Co.,
163 Pa. 127; and the regulations adopted in order to secure
the contemplated relief to the persons entitled to it should be
upheld unless they are contrary to law. The regulations set
up in the answers were not contrary to law, and although no
copy of them has been appended the correctness of the answers
in this respect has not been excepted to or denied. Accepting
them as true as the motion for judgment "on answers" does,
the question raised is, do these answers show a fund in the
hands of the garnishee liable to seizure under the attachment?
We think they do not. They show the existence of a fund
belonging to the Pennsylvania Railroad Relief Association in
the hands of the garnishee. They show that this fund is admin-
istered for the Relief Association by the garnishee and under
the regulations which the Relief Association has adopted.
They show that under these regulations the sum due to a bene-
ficiary is payable only to him or her in person, and upon the
execution of a release to the railroad company for all liability

growing out of the accident or death by reason of which the money is payable. An attaching creditor is not within the mischief against which the Relief Association was intended to afford protection. He does not fall within the description of the person or persons entitled to take. He can neither execute, or compel his debtor to execute, the release to the railroad company. The answers do not support the judgment, and for this reason it is reversed.

The record is remitted and a procedendo awarded.

### KINSLOE v. WM. S. DAVIS.

OPINION BY MR. JUSTICE WILLIAMS, April 29, 1895:

This case is disposed of by R. M. Kinsloe and Son v. Thomas B. Davis, defendant, and the Pennsylvania Railroad Company, garnishee, just decided. For the reasons given in the opinion filed in that case the judgment entered " on answers " made by the garnishee in this case is reversed.

The record is remitted and a procedendo awarded.