MASONIC MUT. LIFE ASS'N v. PAISLEY.

(Circuit Court, W. D. Pennsylvania. September 14, 1901.)

No. 16.

LIFE INSURANCE—RIGHTS OF CREDITORS—INSOLVENCY OF INSURED.

The fact that a married man was insolvent at the time he effected insurance on his life in favor of his wife and children, in a mutual association which was authorized only to issue certificates in favor of the family or heirs of its deceased members, and that he remained insolvent until his death, where the amount paid in premiums was moderate, and there was no actual fraud, does not entitle his creditors, under the principles of the common law, to claim the proceeds of his certificate, or any part thereof, as against the widow and children; and such case also comes within Act Pa. April 15, 1868 (P. L. 103; Purd. Dig. p. 1048), which provides that all policies of life insurance taken out for the benefit of, or bona fide assigned to, the wife or children of the insured, or any dependent relative, shall be vested in such wife or children, or other relative, free and clear from the claims of his creditors.

In Equity. Sur examiner's certificate in interpleader proceeding.

Morton Hunter, for Carrie Graff and S. T. Paisley, Jr.
Murphy & Hosack, for Emma D. Paisley.
J. P. Hunter, for Emma D. Paisley, administratrix.

ACHESON, Circuit Judge. The Masonic Mutual Life Asociation is a corporation chartered under the laws of the state of Ohio. Its object, as declared in the articles of association, is to insure the lives of members upon the plan of mutual insurance protection and the relief of their families and heirs. The third section of article I of its constitution (which constitution was expressly made a part of the contract between the association and Samuel T. Paisley) declares that, "The object of this association shall be to render financial aid to the widow or heirs of deceased members, according to the regulations and provisions hereinafter specified in the by-laws, and for no other purpose whatever." The contract of insurance here in question is in the form of a certificate of membership, dated January 22, 1887, issued on that day to Samuel T. Paisley; and thereby the association covenanted to pay the sum of $5,000 "to the heirs of the assured," the instrument stipulating "that unless claim is made for benefits under this certificate by the widow or heirs of said member within six months after the death of said member, then, and in that case, all claims for benefits under this certificate shall be forfeited, and this association shall be released from all liability for such benefits." Section 2 of article 6 of the constitution provides that, "within sixty days after due notice and satisfactory proof of death of a member of the association, the board of trustees shall cause to be paid to the family or heirs of the deceased member an amount according to his certificate." On January 22, 1887, when the certificate of membership in the Masonic Mutual Life Association was issued to Samuel T. Paisley, he paid to the association the sum or premium of $14.25, and thereafter until his death, on July 5, 1900, he paid to the association from time to time, as deaths among the members occurred, assessments ranging from $3.25 to $12, in all aggregating the sum of $838.35. The rival claimants to the insurance fund, which has been paid into court, on the one hand, are the creditors of Samuel T. Paisley, here represented by his administratrix, and, on the other hand, are his widow and children, who are the "heirs of the assured," under the legal interpretation of the contract of insurance. Association v. Jones, 154 Pa. 99, 26 Atl. 253, 35 Am. St. Rep. 810. The widow and children gave due notice, and furnished satisfactory proof of death to the association. The ground, as presented by the offers of evidence certified to the court, upon which the creditors claim the insurance fund, is that Samuel T. Paisley, the insured, was insolvent on the 22d day of January, 1887, the date of the issuing of the certificate or policy of insurance, and also at the time of his application for the same; that he was insolvent at the dates of his several payments of premiums or assessments, and was also insolvent at the time of his death, on July 5, 1900. Now there is a well-recognized distinction between the assign-

111 F.—3

ment by an insolvent to his wife and children of insurance on his life, effected in his own name and payable to himself or his personal representatives, and the effecting of insurance on his life by an insolvent directly in favor of his wife and children, and payable to them. Thus, in the Appeal of Elliott's Ex'rs, 50 Pa. 75, 88 Am. Dec. 525, although it was held that the assignment of policies of life insurance by an insolvent debtor who was insolvent when insured to a trustee for the benefit of his wife was fraudulent and void as against creditors, yet the supreme court of Pennsylvania, in announcing the decision, declared as follows:

"We are to be understood, in thus deciding this case, that we do not mean to extend it to policies effected without fraud, directly and on their face for the benefit of the wife, and payable to her. Such policies are not fraudulent as to creditors, and are not touched by this decision."

By the words "without fraud," as here used, the court undoubtedly meant actual fraud, and not fraud inferable from mere insolvency. Such was the interpretation of this language by the supreme court of the United States in Bank v. Hume, 128 U. S. 195; 208, 9 Sup. Ct. 41, 32 L. Ed. 370. And it was there held by the supreme court of the United States that a married man, although insolvent, may rightfully devote a moderate portion of his earnings to insure his life for the benefit of his wife and children, and thus make reasonable provision for his family after his decease, without being thereby held to intend to hinder, delay, or defraud his creditors,. provided no such fraudulent intent is shown to exist or must necessarily be inferred from the surrounding circumstances. It is settled by the decisions of the supreme court of Ohio that such corporations as the Masonic Mutual Life Association have no power to provide for the payment of a sum of money to persons other than the family or heirs of a deceased member. State v. Standard Life Ass'n, 38 Ohio St. 281; State v. People's Mut. Ben. Ass'n, 42 Ohio St. 579; Association v. Gonser, 43 Ohio St. 1, 1 N. E. 11. Under these decisions, the executor or administrator of a deceased member has no claim to the insurance fund under such a certificate of membership as is involved here. And to this effect are the decisions of the supreme court of Pennsylvania. Northwestern Masonic Aid Ass'n v. Jones, 154 Pa. 99, 26 Atl. 253, 35 Am. St. Rep. 810; Masonic Mut. Ass'n v. Same, 154 Pa. 107, 26 Atl. 255. It is clear, I think, as well from the terms of his certificate of membership as by the law of Ohio under which it was issued, that Samuel T. Paisley never had any property in the insurance fund here in controversy. In re Morrell's Estate, 8 Wkly. Notes Cas. 183; Association v. Jones, 154 Pa. 99, 105, 26 Atl. 253, 35 Am. St. Rep. 810.

Upon the authority of the foregoing decisions I feel fully justified in holding that the mere insolvency of Samuel T. Paisley, as stated in the offers of evidence, affords no ground upon which his creditors can successfully attack the title of his widow and children to this insurance fund. The decision of the supreme court of the United States in Bank v. Hume, supra, I think, is conclusive against the claim of the creditors, both in respect to the principal of the insurance fund and the premiums or assessments paid by Paisley.

Thus far the case has been considered solely with reference to the statute of 13th Eliz. and the principle of that statute. I ought not to conclude, however, without referring to the Pennsylvania act of April 15, 1868 (P. L. 103, Purd. Dig. p. 1048, pl. 71):

"All policies of life insurance, or annuities upon the life of any person, which may hereafter mature, and which have been or shall be taken out for the benefit of, or bona fide assigned to, the wife or children or any relative dependent upon such person, shall be vested in such wife or children or other relative, full (free) and clear from all claims of the creditors of such person."

In McCutcheon's Appeal, 99 Pa. 133, it was declared that where the policy is originally issued for the benefit of the persons mentioned in the act the question of fraud arising from the claims of creditors is entirely eliminated. The court there said that:

"The very object and purpose of the act was to enable insolvent persons to make provision in this way for their families or dependent relatives which should be good and effective against, and free and clear of, all claims of creditors."

It seems to me that the instrument issued by the Masonic Mutual Life Association to Samuel T. Paisley is fairly within the terms of this act of 1868. That association may not be a life insurance company, within the meaning of some of the statutes of Pennsylvania, but the instrument in question is in substance a policy of life insurance. The act embraces "all" policies of life insurance, without regard to the form thereof. In State v. Standard Life Ass'n, 38 Ohio St. 281, 287, the supreme court of Ohio, speaking of such instruments as the one here involved, said, "It has issued what are called certificates of membership, but the real nature of the contract is that of insurance."

I may say in conclusion that, whether regard is had to general principles or to the act of 1868, the objections to the offers of evidence were well taken, in my judgment.

And now, September 14, 1901, the objections to the offers of evidence are sustained.