## Algeo, Appellant, v. Fries.

*Beneficial associations—Beneficiaries—Change of name—Exclusion of creditors—Attachment execution.*

Where the by-laws of a beneficial association provide a particular way by which the name of the beneficiaries may be changed, and expressly exclude creditors, a judgment entered on a judgment bond signed by a member and his wife, who is the beneficiary, cannot after the death of the member be made the basis for an attachment execution against the association to attach the death benefit represented by the certificate in the wife's name.

Argued Oct. 13, 1904.    Appeal, No. 116, Oct. T., 1904, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1897, No. 110, on verdict for garnishee non obstante veredicto in case of Margaret C. Algeo v. Colin A. Fries and Ella A. Fries, defendants, and Great Senate of Sparta, Apollo Senate No. 6, Order of Sparta.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Attachment execution against death benefits.

At the trial it appeared that Colin A. Fries in his lifetime was a member of the Great Senate of Sparta, being attached to Apollo Senate No. 6, one of the subordinate bodies of said order.    At the time of his death, was admitted to be in good and regular standing.    The certificate issued to him was dated May 26, 1882.    The beneficiary named in the certificate issued to Colin A. Fries was his wife, Ella A. Fries, and not a creditor.

On October 1, 1887, Fries and his wife executed a bond and

158        ALGEO, Appellant, *v.* FRIES.

Statement of Facts—Opinion of the Court. [27 Pa. Superior Ct.

warrant of attorney to Margaret C. Algeo, the appellant in this case, in the sum of $800, conditioned for the payment of $400, with interest and costs, expressly covenanting therein that appellant should be paid from the proceeds of the policy of insurance on life of said Colin A. Fries. Judgment was entered on this bond September 27, 1897, and damages assessed thereon at $640. Colin A. Fries died on June 9, 1903. On June 13, 1903, a suggestion of his death was filed by appellant and an attachment sur judgment issued against the beneficial association. After answers were filed and a rule for judgment discharged, a rule to plead was filed by appellant and a plea and notice of special matter put in by the garnishees. The notice of special matter followed the answers, admitting the appellees had in hand $2,500 due to Ella A. Fries, beneficiary and judgment debtor, upon her executing a receipt and the surrender of the beneficial certificate, and further, that the money was not subject to attachment. The court directed a verdict for plaintiff for $800, subject to the point of law reserved, " Whether there is any evidence upon which the plaintiff can recover against the garnishees." Judgment was entered in favor of the garnishees non obstante veredicto.

*Error assigned* was the judgment of the court.

*Jay R. Grier*, for appellant, cited: Solis v. Blank, 199 Pa. 600 ; Webb v. Stenton, L. R., 11 Q. B. Div. 518.

*Francis Chapman*, with him *S. Spencer Chapman*, for appellee.

OPINION BY SMITH, J., January 17, 1905:

The principles on which this case is to be determined have been practically settled by the decisions of the Supreme Court in Com. v. Equitable Ben. Association, 137 Pa. 412, Masonic Aid Association v. Jones, 154 Pa. 99, and Johnson v. Railroad Co., 163 Pa. 127.

The garnishee, an unincorporated fraternal association, is not an insurance company, and its contract, described as a " Beneficiary Certificate," is not an insurance policy, within our statutes relating to insurance companies and policies. The beneficiary certificate names Ella A. Fries, wife of the appli-

cant, as the person designated by him to receive the amount payable at his death. The applicant, by his acceptance of the certificate, became a member of the association, and payment of the amount stated was to be made in conformity with its laws. These provide that a change of the person who is to receive payment must be made by a new certificate, naming such person, to be issued on the application of the member, and the execution by him of the transfer on the back of the original. This is the only method by which a change of the beneficiary can be made, or by which the association can be made liable for the amount payable to any other person than the one first designated as beneficiary. Hence the provision, in the bond on which judgment was entered, for payment of the money due the plaintiff from the proceeds of the insurance, though in the nature of an equitable assignment, was inoperative as a change of the person designated to receive payment. While the money payable to the beneficiary became a debt due from the association upon the death of her husband, it was nevertheless to be paid in conformity with the laws of the association. These provide for payment "to the person or persons designated by the certificate as the beneficiaries, taking a receipt in a book kept for that purpose, and also obtaining the signature of the beneficiaries to the receipt upon the certificate." Only upon compliance with these provisions by the beneficiary, or tender of compliance, can the association be required to pay. The appellant's allegation that the beneficiary "represented the security as a policy of insurance, upon which appellant loaned her money to the beneficiary," if true, suggests no element of fraud, since an inspection of the instrument by the appellant would have shown its true character. Vigilantibus, et non dormientibus leges subveniunt.

In addition to what has already been said as to the terms on which payment is to be made, the laws of the association, after enumerating the classes of relatives and dependents who may be designated as beneficiaries, provide that, "In no case shall designations be to executors, estate, creditors, or by will, or to any classes except as provided above;" and also require, "where there is the relation of dependency, an explicit declaration that said person or persons are in no way creditors of him, and that said designation shall be null and void if otherwise."

The purpose of the association is to secure to relatives and dependents a provision upon the death of its members, free from liability to creditors, and its laws are carefully directed to this end. In specifically excluding creditors, the contract is, in substance, analogous to a spendthrift trust for the benefit of the designated beneficiary, and is made practically effective as such by requirements, precedent to payment, that can be complied with only by such beneficiary. In view of its purpose, and the laws of the association respecting the beneficiary and the conditions of payment, the contract must be construed as creating a trust of this character, as fully as if it in terms provided that the money payable should not be subject to the engagements or liabilities of the beneficiary.

Judgment affirmed.