# Ogle, Appellant, v. Barron.

*Beneficial associations—Death benefits—Attachment execution
—Court and jury—Binding instructions.*

1. An association, incorporated under the laws of Massachusetts, "for the purpose of fraternal union," for aiding members, their dependents, widows and orphans; declaring in its constitution that the object of the association is to unite fraternally, to give moral and material aid to members, to educate them and to assist their widows and orphans; requiring those desiring to become members to possess certain qualifications and to make certain pledges with regard to their future conduct, is a beneficial association, not an insurance company, and death benefits, payable by the association, under the terms of its constitution and by-laws, only to the holder of a death benefit certificate upon proper endorsement thereof, who must have been dependent upon a member at his death, for support, cannot be attached in the hands of the association at the suit of a judgment creditor of the beneficiary.

*Evidence—Relevancy—Harmless error.*

2. The admission of irrelevant evidence is not reversible error where the decision turns upon questions not affected thereby.

Argued Sept. 29, 1914. Appeal, No. 210, Oct. T., 1914, by plaintiff, from judgment of C. P. Somerset Co., Dec. T., 1913, No. 248, on directed verdict for garnishee, in case of John G. Ogle, executor of W. H. Koontz, use of Francis J. Kooser v. Elsie S. Barron, defendant, and the Supreme Council of the Royal Arcanum, garnishee. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Attachment execution. Before RUPPEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for the garnishee by direction of the court, and judgment thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence; in directing a verdict for the garnishee, in refusing to

direct a verdict for the plaintiff and in refusing to enter judgment for the plaintiff n. o. v.

*J. A. Berkey,* with him *E. O. Kooser* and *C. L. Shaver,* for appellant.

*J. A. Langfitt,* with him *H. W. McIntosh, E. E. Kiernan,* and *T. F. Garrahan,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1915:

From the record in this case, it appears that the plaintiff obtained a judgment in the Court of Common Pleas of Somerset County, against Elsie S. Barron, and summoned the Supreme Council of the Royal Arcanum as garnishee. Interrogatories were filed by the plaintiff, to which the garnishee answered, and upon exceptions being filed, it made a supplemental answer. It appeared that Henry F. Barron was in his life-time a member in good standing of Somerset Council, No. 985, a subordinate council of the Royal Arcanum, and that he held a certificate, which in case of his death entitled his wife, Elsie S. Barron, to the payment of a benefit in the sum of $3,000. His death was admitted, but it was alleged that the Supreme Council of the Royal Arcanum was a fraternal beneficiary society, organized and existing under the laws of the Commonwealth of Massachusetts, and subject to the provisions of said laws, one of which is, that no moneys or other benefit, provided or rendered by any fraternal benefit society, shall be liable to attachment, garnishment, or other process, to pay any debt or liability of a member or beneficiary. Attached to the answer, was a certified copy of the charter of the Supreme Council of the Royal Arcanum; also a certified copy of sections of the Massachusetts statute, providing for the control and regulation of fraternal societies. In the supplemental answer it was admitted that the sum of $3,000 was due as a death benefit to Elsie S. Barron under her husband's certificate, and that the garnishee

was liable to her in that amount. Upon the trial the court below directed a verdict in favor of the garnishee. Plaintiff filed motions for a new trial, and for judgment in his favor non obstante veredicto, but both motions were overruled and judgment was entered on the verdict. Plaintiff has appealed.

The first assignment of error is to the action of the court below in admitting in evidence the interrogatories and answers of the garnishee, with the exhibits attached to the latter. The trial judge based his decision however on the character of the garnishee corporation, as clearly disclosed by its charter, constitution and by-laws. These were offered in evidence without objection. The decision turned upon questions of law, into which the evidence to which objection was made, did not enter. As the evidence in question was not considered as a determining factor, by the trial court, the fact of its admission, could not have harmed the plaintiff.

The remaining assignments of error are in substance, to the action of the court in holding that the plaintiff had no right under any aspect in which it may be viewed, to recover in this case.

The position taken by counsel for the garnishee, was that while admitting that it had in its hands the sum of $3,000 which was due to Elsie S. Barron, yet as it was a beneficiary society, and not an insurance company, the money was not subject to attachment by a creditor, under the terms of the charter, constitution and by-laws of the order, as well as under the statute of Massachusetts, in which state it was incorporated. On the other hand, counsel for plaintiff contend that the garnishee is to be regarded at law as an insurance company, and that even if it is a beneficiary society, the fund in question is subject to attachment, and that the Massachusetts statute does not apply, because proper proof of it was not made at the trial, and for the further reason that it is merely an exemption law of another state, and as such is without force in Pennsylvania. The court be-

low held that the garnishee is a beneficiary society. In reaching this conclusion it was governed by the decision of this court in Com. v. Beneficial Ass'n, 137 Pa. 412. The charter of the garnishee shows that it is incorporated "for the purpose of fraternal union, aid to its members and their dependents, the education, socially, morally and intellectually of its members, assisting the widows and orphans of deceased members, establishing a fund for the relief of sick and distressed members, &c." The constitution sets forth that the objects of the order are "to unite fraternally" its members, "to give all moral and material aid in its power to its members and those dependent upon them," "to educate members socially, morally, and intellectually, and to assist the widows and orphans of deceased members, &c." It was shown that the garnishee operates through subordinate councils, and that defendant's husband was a member of such a subordinate council. Before becoming a member, he was required to undergo investigation as to his qualifications for membership. He was also required to make certain pledges which related to his future conduct as a member of the council. These requirements are not consistent with the contention that the garnishee conducted the business of an insurance company, or that it did not maintain itself as a fraternal beneficiary association. It further appeared from the testimony of the secretary of the local council at Somerset, that regular meetings of the council were held, and minutes were kept of its proceedings, and that at these meetings applications were received, reports made on the applicants, and persons admitted to membership. We find nothing in the record to show that the garnishee carried on any business otherwise than that which was contemplated by its charter and constitution, or that it did anything which was inconsistent with its claim to be a beneficiary association.

It is very clear that in the constitution and by-laws of the garnishee, there is an earnest endeavor to preserve

the benefits of the organization for the persons for whom they were intended. It is expressly provided that a benefit may be payable only to one or more persons of the classes named. The right to receive a benefit is determined by the "dependency" of the beneficiary, which must exist at the time of the death of the member. In some cases this "dependency" is presumed, in others proof is required. A member cannot designate a beneficiary by will, nor secure creditors by his benefit certificate, and any assignment of a certificate, either by a member or beneficiary is declared to be void. In Kinsloe v. Davis, 167 Pa. 519, an attempt was made to attach a death benefit due by the Pennsylvania Railroad Voluntary Relief Department to the son of a deceased employee of the railroad, on a judgment against the latter. The court below gave judgment in favor of the plaintiff on the answer of the garnishee, which admitted that a death benefit was due the defendant, but averred that it was "payable only to the said defendant, and only upon the condition precedent, of the execution and delivery to the said garnishee by the said defendant, of a full release of all claims whatsoever that might or could be had by said defendant against said garnishee." This court reversed the judgment. Mr. Justice WILLIAMS, saying (p. 522) : "They (the answers) show the existence of a fund belonging to the Pennsylvania Railroad Relief Association in the hands of the garnishee. They show that this fund is administered for the relief association by the garnishee, and under the regulations which the relief association has adopted. They show that under these regulations the sum due to a beneficiary is payable only to him or her in person, and upon the execution of a release to the railroad company for all liability growing out of the accident or death by reason of which the money is payable. An attaching creditor is not within the mischief which the relief association was intended to afford protection. He does not fall within the description of the person or persons entitled

to take. He can neither execute, or compel his debtor to execute, the release to the railroad company. The answers do not support the judgment, and for this reason it is reversed." This reasoning applies to the present case. Here the death benefit was made payable only upon the return of the benefit certificate properly endorsed. This means, of course, endorsement by the beneficiary. The plaintiff is not in a position to surrender the benefit certificate, which is presumably held by the beneficiary. She alone is able to comply with the condition upon which the money is payable. Aside from that, the purpose of the association is manifestly to make provision for relatives and dependents, upon the death of its members, free from liability to creditors. The contract is carefully framed to carry out this purpose.

If the statute of Massachusetts is to be accepted as ruling this case, then there can be no doubt but that the benefit was not subject to attachment. The court below, however, did not rest its decision upon the ground that the Massachusetts statute exempted the fund from attachment, but it concluded that the fund in question is not liable to attachment under the laws of Pennsylvania. With this conclusion we are in entire agreement. It is sustained in principle by the decisions of this court in Com. v. Beneficial Ass'n, 137 Pa. 412, and in Kinsloe v. Davis, 167 Pa. 519, cited above, and by Masonic Aid Ass'n v. Jones, 154 Pa. 99, and Johnson v. Railway Co., 163 Pa. 127. Nor do we have any doubt as to the right and duty of the garnishee to raise the question, as to the liability of the fund in its hands, to attachment by plaintiff: In Schempp v. Fry, 165 Pa. 510, Mr. Justice DEAN said (p. 513): that a garnishee "must, in good faith to the owner, contest every inch of ground, or he will not be discharged from liability for the debt," and again (p. 515), quoting from Baldy v. Brady, 15 Pa. 103 (108), that "the garnishee is bound to make every just and legal defense which other parties inter-

ested in the fund in his hands could make, or he will be answerable to them therefor." In their argument, counsel for appellant seem to regard the defense made by the garnishee as being merely a claim of statutory exemption on behalf of the defendant, Elsie S. Barron. The defense is, however, based upon the nature of the fund itself, as defined by the terms of the contract between the garnishee and its members. The claim of the garnishee which it sets up for itself and in pursuance of its own laws and the contract with its member, is that the benefit fund, is not the subject of attachment under any circumstances. Before the plaintiff could recover, he was bound to show the amount of money the garnishee owed the defendant, and also the nature of the debt. When these facts were shown, the question at once arose whether under the terms of the contract between the garnishee and the member, the proceeds of his benefit certificate were subject to attachment. This question would fairly arise upon any proper presentation of plaintiff's case. It is not a question which the garnishee can raise as against the rights of the defendant, Elsie S. Barron. The answers filed by the garnishee, gave plaintiff full notice of the precise nature of the defense which was to be set up on the trial, and a formal notice to the same effect given when the plea was filed, or afterwards, would not have aided the plaintiff in any way. There was no serious dispute as to the facts, and the essential question here presented, was properly decided by the trial court as matter of law.

The assignments of error are all overruled and the judgment is affirmed.