Mamlin *v.* Genoe (et al., Appellant).

Argued October 12, 1939.

Before KELLER, P. J., CUNNING-
HAM, STADTFELD, PARKER and RHODES, JJ.

*Samuel Feldman,* Assistant City Solicitor, and
*Edward I. Weisberg,* with them *Joseph Sharfsin,* City
Solicitor, and *David N. Feldman,* for appellant.

*Joseph Brandschain,* with him *Herman Brandschain*
and *Esther Brandschain,* for appellee.

OPINION BY STADTFELD, J., March 2, 1940:

This is an appeal from a summary judgment entered
by the Court of Common Pleas No. 3 of Philadelphia

County against the Philadelphia Police Beneficiary Association as garnishee.

James A. Genoe, Sr. was a member of the Philadelphia Police Beneficiary Association and died on October 1, 1938. That association had issued a certificate of membership, No. 4911, in the amount of $2000, on which certificate the defendant, Julia C. Genoe, and three others, were designated as the beneficiaries.

The plaintiff, on or about May 7, 1937, entered a judgment by confession against the said Julia C. Genoe on a judgment note containing a warrant of attorney to confess judgment. After the death of James A. Genoe, Sr., the plaintiff issued an attachment sur judgment against the defendant and summoned the City of Philadelphia Police Beneficiary Association as garnishee.

The plaintiff filed interrogatories to the garnishee with a rule to answer, and thereupon the garnishee filed answer and supplemental answer thereto. The answer of the garnishee sets forth that it is a corporation not for profit, incorporated by the Commonwealth of Pennsylvania under the Act of April 29, 1874 and that its purpose is to aid the families of its members in case of death from funds to be raised by general contribution of its members. A rule for judgment upon the answer and supplemental answer was thereafter filed, and the court below made the rule absolute against the garnishee for the amount of the plaintiff's judgment with interest and costs. Whereupon, the garnishee filed this appeal.

The City of Philadelphia Police Beneficiary Association, garnishee, is a first-class corporation incorporated under the Act of 1874 by the Court of Common Pleas of Philadelphia County. Membership is restricted to male persons connected with the Bureau of Police, the Electrical Bureau and the clerical force in the mayor's office of the City of Philadelphia. An entrance fee of twenty-five cents is required and dues are $3.75 per month. Upon the death of a member, $2000 is ordered by the by-laws to be paid as soon as possible to the

beneficiary or beneficiaries named in the deceased member's certificate of membership.

In the supplemental answer to interrogatories filed by the garnishee, the purpose of the association as set forth in its charter is as follows: "The purpose of this Association is to maintain a society and to adopt and maintain such plans and rules as will be for the mutual benefit and protection of its members, and provide from moneys collected therein a fund to be paid over upon the death of any member to his widow or orphans, and such or either of them or such other person or persons as the member may have designated, and in the manner of such designation, and in default of such designation, to such person or persons as the By-Laws of the Association may direct."

In the court below, the garnishee association claimed that its benefits are exempt from attachment by virtue of the provisions of the Act of May 20, 1921, P. L. 916, par. 11 (40 PS par. 1022). The said Act of 1921, in par. 1 thereof, defines a *fraternal benefit society as one having a lodge system with ritualistic form of work and a representative form of government.* Paragraph 11 of the Act declares a *fraternal* benefit society, as defined in the said Act, to be a charitable and benevolent institution, and provides further that: "No money or other benefit, charity, relief, or aid, to be paid, provided, or rendered by any such society, shall be liable to attachment, garnishment or other process, or be seized, taken, appropriated, or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary or any other persons who may have a right thereunder, either before or after payment." By its wording, paragraph 11 of the Act of 1921 is specifically limited in its application to *fraternal* benefit societies as defined in said Act. The court below, therefore, held that the garnishee defendant is not included within the purview of the Act of 1921.

In the present case, the fund attached was created

through membership in the appellant beneficiary association, and was due the defendant below as a beneficiary of the deceased member of the appellant society. The appellant resists the right of the attaching creditor of the defendant below to attach the fund, claiming that it is exempt from attachment execution.

Appellant in this appeal does not claim exemption under the Act of May 20, 1921, supra, for clearly it does not come under its provisions. It is not a fraternal beneficial society and it does not operate under a lodge system. It relies on certain cases decided by our appellate courts.

The Supreme Court, in discussing the characteristics of a beneficial society in the case of *Commonwealth v. Equitable Beneficial Association*, 137 Pa. 412, 18 A. 1112, in an opinion by Mr. Justice CLARK, stated: "What is known as a beneficial association, however, has a wholly different object and purpose in view. The great underlying purpose of the organization is not to indemnify or to secure against loss; its design is to accumulate a fund from the contributions of its members, 'for beneficial or protective purposes,' to be used in their own aid or relief, in the misfortunes of sickness, injury or death. The benefits, although secured by contract, and for that reason to a limited extent assimilated to the proceeds of insurance, are not so considered. Such societies are rather of a philanthropic or benevolent character; their beneficial features may be of a narrow or restricted character; the motives of the members may be to some extent selfish, but the principle upon which they rest is founded in the considerations mentioned. The benefits, by the rule of their organization, are payable to their own unfortunate, out of funds which the members have themselves contributed for the purpose, not as an indemnity, or security against loss, but as a protective relief in case of sickness or injury, or to provide the means of a decent burial in the event of death. Such societies have no capital stock. They

yield no profit, and their contracts, although beneficial and protective, altogether exclude the idea of insurance, or of indemnity, or of security against loss. There were many of these societies in existence at the time of the passage of the Act of 1874 in this state; the character of their business was a matter of common knowledge, and it was doubtless to societies of this character the ninth clause of the second section of the Act of 1874 was intended to apply." The garnishee association clearly comes within the definition of a beneficial association.

Although the garnishee is not within the provisions of the Act of May 20, 1921, P. L. 916, because it is not a *fraternal benefit society having a lodge system with ritualistic form of work and a representative form of government,* nevertheless we do not consider this differentiation decisive of the question involved in the instant case.

In *Ogle v. Barron,* 247 Pa. 19, 92 A. 1071, which was decided prior to the Act of 1921, it was held that the funds due from the Supreme Council of the Royal Arcanum, a fraternal beneficial society, were not liable to attachment to pay any debt or liability of a member or of a beneficiary. The Supreme Court did not base their decision on the Massachusetts Statute which exempted such associations from liability to attachment, but apparently on the broad grounds of public policy. At the time of that decision, there was no statutory exemption applying to such societies. In the absence of a statute governing the matter, there is no reason why a *fraternal* beneficial society should be exempt from attachment and a beneficial society not so exempt.

The purpose of the association in the instant case, is manifestly to make provision for relatives and dependents, upon the death of its members. Quoting from the opinion in the case of *Ogle v. Barron,* supra, (p. 24) : "If the statute of Massachusetts is to be accepted as

ruling this case, then there can be no doubt but that the benefit was not subject to attachment. The court below, however, did not rest its decision upon the ground that the Massachusetts statute exempted the fund from attachment, but it concluded that the fund in question is not liable to attachment under the laws of Pennsylvania. With this conclusion we are in entire agreement. It is sustained in principle by the decisions of this court in *Com. v. Beneficial Assn.*, 137 Pa. 412, and in *Kinsloe v. Davis*, 167 Pa. 519, cited above, and by *Masonic Aid Assn. v. Jones*, 154 Pa. 99, and *Johnson v. Railway Co.*, 163 Pa. 127 ......"

The garnishee association was incorporated under the Act of 1874. The only clause under which it could be and was incorporated is the one which authorizes the granting of charters for the purpose of "maintenance of a society for beneficial or protective purposes to its members from funds collected therein."

To permit these funds to be attached would be contrary to the policy of the state and would divert them from the purposes for which they were collected under the charter.

The policy of the law in this State has been to exempt such funds from attachment. The member himself has no interest during his lifetime, and to permit the attachment of any sums which may become due after his death would be destructive of the protection sought to be afforded to the designated beneficiaries.

We do not believe that the fund is subject to attachment.

The assignment of error is sustained, judgment reversed and now entered in favor of the garnishee.