# G. W. McNEIL v. U. O. OF GOLDEN CROSS.*

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued November 8, 1889—Decided January 6, 1890.

1. A statement of claim, in an action by an administrator of a decedent against a beneficial association, averring that the benefit certificate sued on was upon the life of the wife of the decedent, and was made payable to her, shows no cause of action in the plaintiff.

2. In view of § 1, act of April 15, 1868, P. L. 103, an averment that the certificate is part of the decedent's estate, and that he left no other estate for the payment of his debts, funeral expenses, etc., but disclosing no process by which the title became transferred to him, is of no significance.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 251 October Term 1889, Sup. Ct.; court below, No. 828 June Term 1887, C. P. No. 1.

On June 3, 1889, a summons was served in an action of assumpsit brought by George W. McNeil, administrator c. t. a. of Ross S. Beatty, deceased, against the Supreme Commandery United Order of the Golden Cross of the World, a foreign corporation doing business in the state of Pennsylvania, filing the following statement of claim:

"The plaintiff, by his attorney, files the following statement of his claim and cause of action against the defendant. He avers that said defendant is justly and legally indebted to him as administrator, cum testamento annexo, of the estate of Ross S. Beatty, deceased, in the sum of two thousand dollars, with interest from May 16, 1887. Said indebtedness arises as follows:

"Said defendant is a foreign corporation, organized for the purpose, inter alia, of insuring the lives of all persons admitted to membership therein; and for the purpose of promoting and carrying on its business, said corporation established agencies

---

*See Beatty's App., 122 Pa. 428.

in the state of Pennsylvania, and having said agencies located in the county of Allegheny, in said state, and duly constituted and appointed agents in charge thereof, who receive compensation for their services as such.

"That said Ross S. Beatty became and was for several years prior to his death, a member of said corporation in good standing, and received from it a policy of life insurance, called a Benefit Certificate, on his life, which certificate or policy was numbered 514, and was made payable to Clara B. Beatty, wife of said Ross S. The said Ross S. Beatty died on the 16th day of May, A. D. 1887, having first made his last will and testament, since duly probated, by which he devised and bequeathed his estate, after payment of debts, to said Clara B. Beatty, and letters of administration, c. t. a., were afterwards duly issued to plaintiff. Said Beatty was at the time of his death a member of defendant corporation, in good standing, and the policy of insurance No. 514 was in full force.

"Said defendant has, notwithstanding these facts, refused to pay said insurance to said Clara B. Beatty, alleging and claiming as its ground for such refusal, that said Ross S. Beatty had absolute, full and entire control of said policy, and of the disposition of the proceeds thereof, and that the title thereto remained in him and subject to his control until his death, and that Clara B. Beatty had and has no title to or interest in the same. And said defendant also refuses to pay over to plaintiff as administrator c. t. a., the proceeds of said policy, alleging that he has no interest therein.

"Plaintiff avers that said policy is part of decedent's estate and that the whole amount now claimed by him is due and payable. He further says that said Ross S. Beatty was at his death wholly insolvent and left no estate, other than the insurance above mentioned, for payment of his debts, funeral expenses, etc.

"Affiant further avers that said defendant corporation admits the fact that said Ross S. Beatty was a member, was insured as stated, and that the policy mentioned was in full force at his death, and makes no objection to paying same, except upon the ground that plaintiff has no legal right to demand and receive payment thereof. He further says that he is informed and believes said policy of insurance is now in the

hands of defendant company and he is unable to furnish a true copy thereof. And he avers that no part of said sum claimed has been paid, and the whole amount is now due."

To the foregoing statement the defendant demurred, assigning as ground, specially, that the certificate or policy No 514, upon account of which the suit was instituted, was made payable to Clara B. Beatty, wife of said Ross S. Beatty, and not to said Ross S. Beatty, or his representatives.

The demurrer having been argued, the following opinion was filed, SLAGLE, J.:

By the statement filed, it appears that the defendant company is a corporation organized for the purpose, inter alia, of insuring the lives of all persons admitted to membership therein; that Ross S. Beatty was a member in good standing, and received a benefit certificate, No. 514, which was made payable to his wife, Clara B.; that he died May 16, 1887, having made his last will and testament, by which he devised and bequeathed his estate, after payment of his debts, to his wife Clara, and letters of administration were granted to plaintiff; that defendants refused to pay the money to Clara B. Beatty, alleging that she had no title or interest in the same, because said Ross S. Beatty had control of the same until his death, and now refuses to pay the same to plaintiff, alleging that he has no interest therein. To this statement the defendant has filed a demurrer.

So far as the statement shows, there is no power in the assured to change the beneficiary at will, and the designation of his wife is an absolute gift to her, and it could not be revoked by will: Vollman's App., 92 Pa. 50. It is true that the association might make a regulation providing for transfer, but then it could be transferred only in the mode prescribed: Same case. See also Fish v. Equitable Aid Union, 20 W. N. 290, and Beatty's App. 122 Pa. 428.

It would appear, therefore, from the facts as set forth in the statement, that the title to the certificate is in Clara B. Beatty, and suit could only be maintained by her. The fact that the company refused to pay her, alleging that the title and control remained in Ross S. Beatty would not give a right of action to plaintiff; first, because it is not necessarily an admission that

Opinion of the Court.

it passed to the plaintiff by his will; second, because Clara B. Beatty not being a party to the suit would not be bound by the judgment, and third, because if the admission were clearly made that the title passed to plaintiff, there is no circumstance of estoppel in it. The demurrer must therefore be sustained.

Subsequently, by leave of court the plaintiff filed an amendment to his statement which was as follows:

" And the said plaintiff further says that the title to said policy of insurance, No. 514, became and was vested in said Ross S. Beatty from and after the date thereof. That said Beatty claimed and exercised full and entire dominion over and control of said policy, and the title thereto remained and was in him (Beatty) until and at the date of his death."

The demurrer of the defendant having been renewed, with substantially the same grounds, the court ruled as follows:

" And now, October 4, 1889, demurrer sustained. The amendment filed does not avoid the real question in the case. It is a statement of conclusions rather than of facts. Judgment will be entered for defendant."

Judgment having been entered for the defendant, the plaintiff took this appeal, assigning for error the orders sustaining the defendant's demurrers and directing judgment to be entered for the defendant.

*Mr. J. McF. Carpenter*, for the appellant.

Counsel cited: Beatty's App., 122 Pa. 428; Trough's Est., 75 Pa. 117; Withers v. Weaver, 10 Pa. 391; Campbell's Est., 7 Pa. 100; Kidder v. Kidder, 33 Pa. 268; Linsenbigler v. Gourley, 56 Pa. 170; Evans v. Tibbins, 2 Gr. 451; Neiler v. Kelley, 69 Pa. 403; Murphy v. Richards, 5 W. & S. 279; Martin v. Stille, 3 Wh. 336.

*Mr. William A. Stone*, for the appellee.

Counsel cited: Section 1, act of April 15, 1868, P. L. 103; Elliott's App., 50 Pa. 75; Beatty's App., 122 Pa. 428; Fisk v. Equitable Aid Union, 20 W. N. 290.

PER CURIAM:

The plaintiff has declared himself out of court. His state-

ment of the cause of action sets forth that the benefit certificate sued upon was on the life of Ross S. Beatty, and was made payable to Clara B. Beatty, the wife of said Ross S. Beatty. This suit was brought by the administrator of the latter. It is true there is an averment that said policy is part of Ross S. Beatty's estate, and that he left no other estate for the payment of his debts, funeral expenses, etc. But it discloses no process by which the title became transferred from Clara B. Beatty to the decedent, while the averment of the insolvency of his estate is of no significance, in view of the act of April 15, 1868, P. L. 103.

Judgment affirmed.