### In re DOLAN.

(District Court, E. D. Pennsylvania. November 30, 1910.)

In Bankruptcy, No. 3,695.

1. INSURANCE (§ 209*)—LIFE INSURANCE—CHANGE OF BENEFICIARY.

A written request by an insured to a life insurance company, together with the slip attached by the company to the policy in accordance therewith, to amend the policy by making it payable to certain persons named, *held* not to constitute an assignment, but to be a change of beneficiary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 479; Dec. Dig. § 209.*]

2. BANKRUPTCY (§ 143*)—PROPERTY PASSING TO TRUSTEE—LIFE INSURANCE POLICY.

A policy of insurance on the life of a bankrupt, by which she was authorized to change the beneficiary at will, and also to assign the policy, which she had not done, was property which she might have transferred prior to the filing of the petition and which passed to her trustee under Bankruptcy Act July 1, 1898, c. 541, § 70a(5), 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 193, 201; Dec. Dig. § 143.*]

In the matter of Catharine A. Dolan, bankrupt. On certificate of referee. Order affirmed.

Harry M. McCaughey, for trustee.
J. Joseph Stratton, for bankrupt.

J. B. McPHERSON, District Judge. In December, 1903, the bankrupt took out a 20-year endowment policy in the Prudential Insurance Company of America for $10,000, payable to herself, or, in the event of her death during the endowment period, to her executors, administrators, or assigns. The application contained the following question and answer:

"Q. Do you wish the privilege of changing the beneficiary at any time, if the policy or any interest therein be not then assigned? A. Yes."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

And the policy contained, inter alia, the following provisions:

"Cash Surrender Value.—If this policy be legally surrendered to the company within three months from the end of the second year from its date or of any year thereafter, and all premiums, required by the terms of the policy, to the end of that year have been paid in full, the company will pay, therefor the sum indicated by the following table."

In this table a column shows the cash surrender value of the policy at the end of each year.

"Change of Beneficiary.—The insured may at any time while this policy is in force, by written notice to the company at its home office, change the beneficiary or beneficiaries under this policy, such change to take effect only upon indorsement of the same on the policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease; provided, however, that no such change of beneficiary shall be valid if the policy or any interest therein be assigned at the time of such change."

"Assignments.—If this policy shall be assigned, the assignment must be in writing, and the company shall not be deemed to have knowledge of such assignment unless the original or a duplicate thereof is filed at the home office of the company and its receipt duly acknowledged. The company will not assume any responsibility for the validity of an assignment."

On July 28, 1908, the insured signed the following paper:

"Request for Amendment of Ordinary Policy Contract. Ordinary Policy Department.                "July 28th, 1908.

"The Prudential Insurance Company of America is hereby authorized and requested to amend contract for insurance on the life of Catharine A. Dolan under policy No. 501701, issued the 3d day of December, 1903, as follows:

"Make policy payable in case of the death of the insured prior to the expiration of the endowment period to her children Rose M. Dolan, Thomas D. Dolan, Katharine C. Dolan, Gerald J. Dolan, John E. Dolan, and Joseph Dolan, share and share alike, or the survivors or survivor, if any, otherwise to the executors, administrators or assigns of the insured. And in consideration thereof, it is hereby agreed that these changes shall be an amendment to and form a part of the original application and policy, and also that the unpaid portion of any year's premium shall be and is hereby acknowledged an indebtedness to said company. It is also agreed that this amendment shall not be operative until the policy shall have been indorsed or rewritten in accordance herewith by the company. * * *"

In accordance with this request, the company attached to the policy a slip in the following words:

"Change of Beneficiary.

"At the request of the insured, as per amendment form, dated July 28th, 1908, it is specially agreed that if this policy shall become a claim by the death of the insured prior to the expiration of the endowment period the amount of insurance then payable shall be paid as follows and not as heretofore provided:

"Unto Rose M. Dolan, Thomas D. Dolan, Katharine C. Dolan, Gerald J. Dolan, John E. Dolan, and Joseph Dolan, beneficiaries, children of the insured, share and share alike, or to the survivors or survivor, if any, otherwise unto the executors, administrators or assigns of the insured."

In March, 1910, when the adjudication was entered, the policy had a cash surrender value of $798.92, and this sum is claimed by the trustee and also by the persons that were named as beneficiaries in the foregoing papers. The insured is still living. The referee (Al-

fred Driver, Esq.) sustained the trustee's contention and made an appropriate order.

I agree with the referee's conclusion and direct that his order be affirmed. It is sought to avoid the effect of the writings—which are clearly a mere change of beneficiary and not an assignment—by the testimony of the bankrupt and an agent of the company to the effect that the bankrupt intended to assign the policy and supposed that she was carrying out such intention. It is enough to say of this attempt that it has not been successful. In my opinion the meaning of the writings is plain and unambiguous. If they are open to attack at all, they have not been overthrown by the testimony. They contain no trace of an intention to assign, and the provisions of the policy concerning assignments were not complied with. Taking all the evidence together, the writings themselves and the testimony, I find as a fact—agreeing with the referee in this respect—that in July, 1908, the bankrupt did just what she then intended to do, namely, to change the beneficiary. Of course, under the terms of the policy, she was still at liberty to change the beneficiary again and as often as she pleased, and this was the situation when she was proceeded against in bankruptcy. The policy was therefore property which she could have transferred prior to the filing of the petition (Act July 1, 1898, c. 541, section 70a(5), 30 stat. 565 [U. S. Comp. St. 1901, p. 3451]) and passed to the trustee. A recent decision supporting this conclusion is In re Orear (C. C. A.) 178 Fed. 632.

The order of the referee is affirmed.