### SOUTH SIDE TRUST CO. v. WILMARTH.

(Circuit Court of Appeals, Third Circuit. October 21, 1912.)

#### No. 29 (1,591).

BANKRUPTCY (§ 143*)—CHANGE OF BENEFICIARIES—"DEPENDENT"—SISTER OF INSURED.

Act Pa. April 15, 1868 (P. L. 103), provided that all life policies which might thereafter mature, and which had been or should be taken out for the benefit of, or bona fide assigned to, the wife or children, or other relative "dependent" on the insured, should be vested in such wife, children, or other relative, free from the claim of insured's creditors. Shortly before the bankruptcy of a firm of which insured was a member, he directed a policy on his life, payable to his executors, administrators, or assigns, to be so changed as to be made payable to his sister as beneficiary. The sister at one time had lived with her father and brothers, including the insured, and had been their housekeeper; but there was no evidence that she was "dependent" on insured at any time. *Held,* that the attempted change of beneficiary to such sister was ineffectual to entitle her to the proceeds of the policy as against insured's trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224; Dec. Dig. § 143.*

For other definitions, see Words and Phrases, vol. 2, pp. 1991–1993.

Change of beneficiary of insurance, see note to Hopkins v. Northwestern Life Assur. Co., 40 C. C. A. 4.]

Appeal from the District Court of the United States for the Western District of Pennsylvania.

Action by the South Side Trust Company against Mary F. Wilmarth. Judgment for defendant, and plaintiff appeals. Reversed, with directions.

Lowrie C. Barton, of Pittsburgh, Pa., for appellant.
William M. McElroy, of Pittsburgh, Pa., for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and McPHERSON, District Judge.

J. B. McPHERSON, District Judge. This is a dispute between a trustee in bankruptcy and the substituted beneficiary in a policy of insurance upon the life of a bankrupt.

---

On September 1, 1910, Dana R. Wilmarth was a partner in the firm of Fred. Wilmarth & Sons; the other partners being his father and his brother. On that date the firm and the individual partners were adjudged bankrupt upon their voluntary petition, and all their property passed to the trustee—the South Side Trust Company of Pittsburgh. The subject now in controversy is a 20-year policy of life insurance taken out by Dana in 1897 in favor of himself, his executors, administrators, or assigns. On September 1st the policy had a surrender value of $685, and it has since matured by his death. Whatever interest Dana had in the policy when he was adjudged bankrupt vested in the trustee, by whom the present bill is filed in order to test the right of Mary F. Wilmarth, the adverse claimant.

The policy contained the following clause:

### "Privilege of Changing Beneficiary.

"The insured may, subject to the rights of any assignee, change the beneficiary at any time during the continuance of this policy by filing with the company a written request accompanied by this policy; such change to take effect upon the indorsement of the same by the company."

This clause recognizes the right of the insured to deal with the policy in two ways, namely, by assignment, or by changing the beneficiary. It was never formally assigned, but what happened was this: On August 5th Dana wrote to the company:

"Referring to my policy 385,989, I desire to have the beneficiary changed from my estate to Mary F. Wilmarth, my sister."

And on August 8th the company indorsed on the policy:

"At the request of the insured, dated August 5, 1910, Mary F. Wilmarth, sister of the insured, is hereby made beneficiary in this policy, subject to the right of the insured to change beneficiary as provided on the second page of this policy. If no beneficiary survive the insured, payment shall be made to the executors, administrators, or assigns of said insured."

This transaction was voluntary, and without consideration. Within a month the adjudication was entered, and Dana's continuing interest in the policy passed at that time to the trustee, and was sufficient to support a recovery, unless the operation of some superior provision of law exempts the interest of the appellee. The only provision now relied upon is the Pennsylvania act of 1868 (P. L. 103), which is said to be a complete answer to the trustee's claim. The statute reads:

"All policies of life insurance or annuities upon the life of any person which may hereafter mature, and which have been, or shall be, taken out for the benefit of, or bona fide assigned to, the wife or children or any relative dependent upon such person, shall be vested in such wife or children or any other relative, full and clear from all claims of the creditors of such person."

We do not decide the question whether the meaning of the word "assigned" in this statute is broad enough to include the mere designation of a beneficiary, when the power to change the beneficiary is reserved. Courts may differ in opinion on this subject, but for present purposes we assume that such a transaction would

be included. The serious obstacle in the path of the appellee is that (even if the transaction of August 5th should be regarded as an "assignment") it was not shown that she was a "relative dependent" on the insured, and therefore she has not been brought within the exemption of the statute. On the date just referred to, she was not, and for two or three years previous she had not been, dependent upon the insured for support. She was a sister, and therefore was not "dependent" by reason of any presumption, so that she was obliged to sustain the burden of proving dependence in fact. As we read the testimony, it is not sufficient upon this point. At one time she had lived with her father and her two brothers, and had been their housekeeper; but even during that period the expenses of the household were paid out of the firm business, and she was no more dependent on Dana than on the others. But this arrangement came to an end in 1907, and after that time the evidence does not establish that she was dependent on him in fact. As she certainly was not dependent on him by virtue of any statute or rule of law that made him legally liable for her support, it follows that the exemption of the Pennsylvania act does not now apply. We do not feel called upon to determine precisely the scope of the phrase "relative dependent." In the present controversy it is enough to say that—whether these words should be confined to a relative legally dependent by statute or by established decision upon the insured for support, or should be so construed as to include other relatives who are in fact dependent— the evidence before us does not show that the appellee was thus dependent in either sense.

It is proper to add that we are determining only the legal title to this policy and to the money now due thereon. If the appellee has a claim upon that fund, either as a general or a preferred creditor, she will be at liberty to present it when the fund is distributed, and the validity of her claim can then be considered.

The decree is reversed, with instruction to the district court to enter a decree in accordance with the prayer of the bill; the costs of this appeal and of the proceeding in the court below to be paid out of the fund.