In re SHOEMAKER.

(District Court, E. D. Pennsylvania. July 20, 1915.)

No. 5137.

BANKRUPTCY ☞143—PROPERTY OF BANKRUPT—INSURANCE POLICIES.

Policies upon the life of a bankrupt, providing that the insured might at any time, by written notice to the company, change the beneficiary, upon the indorsement of the same upon the policy by the company, named the bankrupt's daughter as beneficiary. Act Pa. April 15, 1868 (P. L. 103), declares that all policies of life insurance which shall be taken out for the benefit of, or bona fide assigned to, the wife or children of, or any relative dependent upon, the insured, shall be vested in the wife or children, or other relative, free from all claims of the creditors of the insured. Bankr. Act July 1, 1898, c. 541, § 70a (5), 30 Stat. 565 (Comp. St. 1913, § 9654), declares that the trustee of the estate of a bankrupt shall be vested with the title of the bankrupt to all property, which, prior to the filing of the petition, the bankrupt could by any means have transferred, or which might have been levied upon and sold. *Held*, there was a mere designation of the bankrupt's daughter as beneficiary of the policies, and hence, as the bankrupt could have changed the beneficiary, his trustee, and not the daughter, was entitled to the surrender value of such policy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224; Dec. Dig. ☞143.]

In Bankruptcy. In the matter of Samuel Shoemaker, bankrupt. Upon certificate for review of an order dismissing a petition of the trustee for an order upon the bankrupt to execute papers necessary to enable the trustee to obtain the surrender value of life policies. Order revoked, and an order entered allowing the bankrupt to pay or secure to the trustee the sum ascertained as the cash surrender value, or otherwise that the bankrupt execute the necessary papers.

Clinton O. Mayer, of Philadelphia, Pa., for claimant.

Alfred Aarons, of Philadelphia, Pa., for trustee.

THOMPSON, District Judge. In this case the referee has certified for review an order dismissing a petition of the trustee for an order upon the bankrupt to execute papers necessary for the purpose of vesting in the trustee the power to obtain the surrender value of four certain policies of life insurance issued by the Prudential Life Insurance Company of America on the life of the bankrupt. It was agreed at the hearing before the referee that the insurance policies provided that Florence M. Shoemaker, daughter of the bankrupt, should be the beneficiary, with the right to change the beneficiary; that Florence M. Shoemaker is a minor of 18 years of age, dependent upon her father, Samuel Shoemaker; and that she was made the beneficiary not in contemplation of bankruptcy. Florence M. Shoemaker claims the policies, and the benefits derived therefrom, as exempt from creditors, by virtue of the act of assembly of April 15, 1868 (Pamphlet Laws, page 103).

It appears from the opinion of the referee that the policies in question are four in number and the surrender value amounts to $3,074.52. The precise terms of the clause as to the change of beneficiary contained in the policies are as follows:

"The insured may at any time while this policy is in force, by written notice to the company at its home office, change the beneficiary or beneficiaries, such change to take effect only upon indorsement of the same on the policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease: Provided, however, that no such change of beneficiary shall be valid if the policy or any interest therein be assigned at the time of such change."

The act of assembly of the state of Pennsylvania, approved April 15, 1868 (P. L. 103), provides that:

"All policies of life insurance or annuities on the life of any person, which may hereafter mature, and which have been or shall be taken out for the benefit of, or bona fide assigned to, the wife or children or any relative dependent upon such person, shall be vested in such wife or children or other relative, full and clear from all claims of the creditors of such person."

The trustee claims that he is entitled to the cash surrender value of these policies under section 70a (5) of the Bankruptcy Act.

In the case of In re Jamison Bros. & Co. (D. C.) 222 Fed. 92, on page 96, decided April 1, 1915, by Judge Dickinson, but not reported until after the decision of the referee and the filing of the certificate of review in this case, my learned colleague says:

"We are of opinion that, whatever may be the case in other jurisdictions, the rulings by which we are bound do not leave open to discussion these propositions:

"1. Where there has been merely a designation of a beneficiary to receive the moneys payable on the death of the insured, and this designation is open to recall or change by the insured, to whom also belongs the right to cancel or surrender the policy, there, if the insured be bankrupt, the surrender value of the policy passes to his trustee.

"2. Where, however, the wife, children, or a dependent relative of the insured has been made the owner of the policy, within the meaning of the Pennsylvania statutes, by it having been taken out for or bona fide assigned to them, then nothing passes to the trustee.

"These propositions are supported by In re Booss (D. C.) 154 Fed. 494, 18 Am. Bankr. Rep. 658; In re Herr [D. C.] 182 Fed. 716, 25 Am. Bankr. Rep. 142; In re Dolan (D. C.) 182 Fed. 949, 25 Am. Bankr. Rep. 145; Allen v. Trust Co., 143 Wis. 381, 127 N. W. 1003, 139 Am. St. Rep. 1107, 25 Am. Bankr. Rep. 126."

I am entirely in accord with the foregoing propositions so tersely and clearly stated by Judge Dickinson, and they rule the case at bar. There has been here merely a designation of the beneficiary, which is open to recall or change by the insured, and to him also belongs the right to cancel or surrender the policy. The policy was not, within the meaning of the Pennsylvania act of 1868, "taken out for the benefit or bona fide assigned to" the daughter of the insured, Florence M. Shoemaker, for by the terms of the policy the insured may at any time take away her interest by changing the beneficiary without her consent. As the policy was not "taken out for the benefit of" the daughter, the referee's construction of the word "dependent" in the act of 1868 as applying to the wife and children, and not alone to "relatives," is immaterial.

In the case of South Side Trust Company v. Wilmarth, 29 Am. Bankr. Rep. 29, 199 Fed. 418, 117 C. C. A. 650, the discussion of the question as to whether or not the beneficiary was dependent related to a sister of the insured, who came within the term "relative," and it was

therefore necessary to determine whether or not she was a "relative dependent."

It is ordered that the order of the referee certified for review be revoked, and that an order be entered allowing the bankrupt to pay or secure to the trustee the sum ascertained as the cash surrender value, and that otherwise the policies shall pass to the trustee as assets in accordance with the provisions of section 70a (5) of the Bankruptcy Act, and, in default of his so paying or securing such sum to the trustee, that he be ordered to execute such papers as shall be necessary to transfer his interest in the policies to the trustee.