## In re BOSAK.

### No. 7453.

District Court, M. D. Pennsylvania.

May 25, 1934.

O'Malley, Hill, Harris & Harris and John P. Kelly, all of Scranton, Pa., for bankrupt.

W. A. Skinner, of Scranton, Pa., for Scranton Lackawanna Trust Co.

M. J. Martin, of Scranton, Pa., for trustee.

WATSON, District Judge.

This is a review of the referee's order directing Michael Bosak, the bankrupt, to turn over to the trustee of his bankrupt estate $45,000, and directing Michael Bosak and the Scranton Lackawanna Trust Company to turn over to the trustee policies of life insurance on the life of Michael Bosak.

Michael Bosak was adjudged a bankrupt January 11, 1932, on a creditors' petition filed November 20, 1931. Testimony was taken before the referee under section 21a of the Bankruptcy Act (11 USCA § 44 (a). Subsequently, the trustee petitioned the referee for a rule on the bankrupt and the Scranton-Lackawanna Trust Company to show cause why they should not turn over to the trustee the sum of $45,000 and the life insurance policies, which rule to show cause was granted. The bankrupt filed with the referee a motion to dismiss the trustee's petition and a motion to determine the bankrupt's claim of exemption. The Scranton Lackawanna Trust Company filed with the referee a motion to dismiss the trustee's petition for want of jurisdiction, and, without waiving the objections to the jurisdiction, filed at the same time an answer to the trustee's petition. No formal disposition of the motions to dismiss were made by the referee. The bankrupt filed no answer to the trustee's petition and offered no evidence.

If it appeared in the course of the proceedings before the referee that the bankrupt probably controlled or was possessed of money or property that rightfully belonged to his estate, the correct proceedings to compel delivery would have been commenced by presenting to the referee a petition making definite averments upon this subject and offering a definite issue. To such a petition the bankrupt would be entitled to reply, and, upon the issue raised by his answer, both parties would have had the right to offer evidence not only that which had already been taken, but such further evidence as might be relevant. The facts would thus appear, and the proper order would have the necessary support. Here, however, there was a petition, but there was no answer thereto by the bankrupt, and, therefore, no issue to which

the evidence can be definitely applied. In re Ruos (D. C.) 164 F. 749; Matter of Natelle DeGottardi (D. C.) 114 F. 328, 7 A. B. R. 723.

In Re Samuel Lasch, 12 A. B. R. 158, (referee's opinion) it was held: "An order upon the bankrupt to pay over money is in the nature of a criminal proceeding, and his failure to obey such an order would be followed by a commitment to jail. He is, therefore, entitled to a distinct issue upon petition and answer and testimony taken thereunder." In Boyd v. Glucklich (C. C. A.) 116 F. 131, 134, it was held: "Dispatch in judicial proceedings is commendable, but, in proceedings involving the liberty of a citizen, he has a right not only to be informed of the precise claim against him, but, after receiving that information, he has a right to a reasonable time to prepare his answer and present his proofs, and, lastly, to be heard by counsel on the law and facts of the case." In Oriel v. Russell, 278 U. S. 358, 49 S. Ct. 173, 174, 73 L. Ed. 419, it was said: "The charge upon which the order is asked is that the bankrupt, having possession of property which he knew should have been delivered by him to the trustees, refuses to comply with his obligation in this regard. It is a charge equivalent to one of fraud, and must be established by the same kind of evidence required in a case of fraud in a court of equity. A mere preponderance of evidence in such a case is not enough. The proceeding is one in which coercive methods by imprisonment are probable and are foreshadowed. The referee and the court in passing on the issue under such a turnover motion should therefore require clear evidence of the justice of such an order before it is made. Being made, it should be given weight in the future proceedings as one that may not be collaterally attacked by an effort to try over the issue already heard and decided at the turnover."

On the record which is before me, I must decline to make an order that might be followed by the imprisonment of the bankrupt.

Now, May 25, 1934, the order of the referee is annulled. This matter is remanded to the referee, and the referee is directed to dispose of the motions to dismiss. If the motions to dismiss are denied, the referee is directed to permit the trustee, if he shall be so advised, to file an amended petition, particularly specifying the property which he claims is wrongfully withheld. A reasonable notice shall be given to the bankrupt and to the Scranton Lackawanna Trust Company

of the hearing on the petition, and the bankrupt shall be permitted to answer the same under oath, and to submit to a further examination under oath if the court shall so direct. The Scranton Lackawanna Trust Company shall be permitted to answer an amended petition if same is filed. All parties shall be permitted to introduce such further testimony as they shall be advised.