In re PHILLIPS.
No. 8350.

District Court, M. D. Pennsylvania.
Aug. 3, 1934.

Smallock & Mink, of Williamsport, Pa., for trustee.

J. Fred Katzmaier, of Williamsport, Pa., for bankrupt.

Wm. W. Champion, of Williamsport, Pa., referee in bankruptcy.

WATSON, District Judge.

This is a certificate for review of the referee's decision.

The question before the referee was whether the cash surrender value of a policy of life insurance insuring the life of the bankrupt was exempt from all claims of the creditors of the bankrupt.

At the time the bankruptcy petition was filed, May 16, 1933, the bankrupt was the owner of a policy of life insurance in the amount of $5,000. The policy was taken out in 1914. It was on his own life, payable to his executors, administrators, or assigns. The policy expressly reserved to the insured the right to change the beneficiary. The insured, on April 1, 1931, changed the beneficiary to the First National Bank of Williamsport, Williamsport, Pa., trustee under trust agreement dated February 13, 1931. Under the trust agreement, the trustee was directed to pay that received by it from the insurer, the Provident Life & Trust Company of Philadelphia, to the wife and children of the insured, as provided in said trust agreement. On the date that the bankruptcy petition was filed, the policy had a cash surrender value of $2,017.50, subject to an outstanding advance of $1,792.70, with interest.

The trustee in bankruptcy and the bankrupt entered into a stipulation as to the facts before the referee. The referee decided the question before him against the trustee in bankruptcy, and made the following order: "In accordance with the facts as stipulated and found by the Referee and hereinbefore set forth, and his conclusions of law as above, your Referee finds and determines that the policy of insurance above mentioned and described is exempt from the claim of creditors of the said Harry Guest Phillips, the assured, and his assignee, the First National Bank of Williamsport, Pa., trustee for his wife and children, all as in said policy and said trust agreement set forth and provided. The petition of the trustee is, therefore, dismissed."

 A similar, if not the same, question was decided in Re Lang (D. C.) 20 F. (2d) 236, 239, and affirmed by the Circuit Court of Appeals, Third Circuit, 24 F. (2d) 254. There it was said: "We conclude that the effect of the acts of 1919 and 1923 [40 PS Pa. 517 and note] was to exempt from the claims of creditors the cash surrender value of policies of the character referred to in those acts.

There is nothing in the language of the statutes which would lead to a different conclusion." Judge Kirkpatrick in the opinion of the District Court so fully and satisfactorily discussed the question involved that I am inclined to cite that case alone in support of my decision in this case.

The trustee in bankruptcy takes the position that as the beneficiary named was the First National Bank of Williamsport, trustee, under the insurance trust agreement, the policy was not made for the benefit of the wife or children or dependent relative of the bankrupt, but that the trust was a secret one for the benefit of the bankrupt himself. There are no facts in the case from which such a conclusion could be reached. The facts lead to a contrary conclusion.

The question is whether the policy of life insurance was made for the benefit of the wife or children or dependent relative of the insured. In order that a policy may be made for the benefit of the wife or children of an insured, it is not necessary that such be stated in the policy alone. Such a plan for distribution of the proceeds of a policy as was made in this case in most cases results in greater benefit to the wife and children of the insured than the usual plan of making the wife and children beneficiaries in the policy. In my opinion, the Legislature of Pennsylvania intended to cover such a situation as is presented by the facts in this case.

I conclude, therefore, that the policy of life insurance in this case was made for the benefit of the wife and children of the bankrupt, and that, under the Pennsylvania Act of June 28, 1923, P. L. 884 (40 PS Pa. § 517), the cash surrender value was exempt from all claims of the creditors of the bankrupt. The policy of life insurance was not assigned to the First National Bank of Williamsport, trustee, but the First National Bank of Williamsport, Williamsport, Pa., trustee, was the named beneficiary in the policy, and, under the facts in the case, it will be necessary to modify the order made by the referee, and the following order is made:

Now, August 3, 1934, the cash surrender value of the policy of life insurance is declared to be exempt from all claims of the creditors of the bankrupt, and the petition for review is dismissed.