## In re BOSAK.
### No. 7453.

District Court, M. D. Pennsylvania.
Oct. 11, 1935.

See, also (D. C.) 6 F. Supp. 958.

O'Malley, Hill, Harris & Harris, John P. Kelly, and Ralph L. Levy, all of Scranton, Pa., for bankrupt.

M. J. Martin, of Scranton, Pa., for trustee.

WATSON, District Judge.

In this matter, the referee entered an order dismissing the trustee's petition praying for an order directing the bankrupt to turn over to the trustee certain life insurance policies insuring the life of the bankrupt and the sum of $45,000 and all other moneys realized by the bankrupt on said policies. The order of the referee is now before this court for review.

Michael Bosak, the bankrupt, for many years a resident of Scranton, Pa., was engaged in banking and other business endeavors. Over a period of many years prior to this proceeding in bankruptcy, there were issued by certain life insurance companies policies insuring his life in the approximate amount of $310,000. He designated in the policies as beneficiaries to receive the proceeds of said policies in the event of his death, either his wife, Susanna Bosak, or his children, or his children without the inclusion of his wife, or his wife without the inclusion of his children. On or about January 31, 1931, Michael Bosak changed the beneficiaries in said policies of life insurance to the Scranton-Lackawanna Trust Company, trustee, and, under a trust agreement with said trust company, dated January 31, 1931, deposited with said trust company all of the insurance policies. Under the trust agreement, the trustee was directed to pay that received by it from the insurers to the wife and children of Michael Bosak, the insured, as provided in said trust agreement. The trust agreement contained, inter alia, the following provisions:

"Article IV: The Grantor reserves to himself, during his life, all payments, dividends, surrender values and benefits of any kind which may accrue on account of any of the aforesaid policies, and the right at any time to assign, pledge or use said policies, or any of them or to change the beneficiary thereof, to borrow money, thereon, or for any purpose, without the consent, approval or joinder of the Trustee, or any beneficiary hereunder, and to withdraw any and all policies deposited hereunder. It is the intent that the trust shall be operative only in respect of the proceeds of such of the policies as may be due and payable to the Trustee at the time of the death of the Grantor or thereafter, after deduction of all charges against the policies by way of advances, loans, premiums, or otherwise, and the receipt of the Trustee for such proceeds shall release the insurance companies from liability on the policies."

"Article V: It is agreed that the Grantor may by instrument in writing, delivered to the Trustee, modify, alter, amend or revoke this agreement, in whole or in part."

On November 20, 1931, an involuntary petition in bankruptcy was filed against Michael Bosak, and on January 11, 1932, Michael Bosak was adjudged bankrupt by this court. In re Bosak, 6 F. Supp. 958. The bankrupt's schedules do not show the life insurance policies as part of the assets of the bankrupt's estate. On a date subsequent to the filing of the bankruptcy petition, the bankrupt removed from the

possession of the Scranton-Lackawanna Trust Company, trustee, some of the life insurance policies and effected with the insurance companies loans totaling approximately $45,000, which sum the bankrupt took into his possession and has not accounted for to the trustee.

The question before the referee was whether the amount payable under the life insurance policies, including the cash surrender value and loan value, are exempt from all claims of creditors of the bankrupt. The exemption statute respecting amounts payable under policies of life insurance in Pennsylvania is the Act of June 28, 1923, P. L. 884, § 1 (40 PS Pa. § 517), and provides as follows: "The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person, heretofore or hereafter made for the benefit of or assigned to the wife or children or dependent relative of such person, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after the passage of this act, whether or not the right to change the named beneficiary is reserved by or permitted to such person."

A similar question, if not the same question, was before this court in Re Phillips, 7 F. Supp. 807, 808. In that case, the beneficiary in the policy insuring the life of the bankrupt was the First National Bank of Williamsport, trustee in a trust agreement containing provisions similar to those in the trust agreement in this case. Under the trust agreement in the Phillips Case, the trustee was directed to pay that received by it to the wife and children of the insured. This court held that the policy of life insurance was made for the benefit of the wife and children of the insured, and that the cash surrender value of the policy was exempt from all claims of creditors of the bankrupt.

The trustee of the bankrupt's estate contends that the provisions as to rights reserved in the trust agreement, articles IV and V, above quoted, made the proceeds of the policies assets of the bankrupt's estate and not exempt from the claims of the bankrupt's creditors. The same provisions were contained in the trust agreement in Re Phillips, supra, and there this court said: "The question is whether the policy of life insurance was made for the benefit of the wife or children or dependent relative of the insured. In order that a policy may be made for the benefit of the wife or children of an insured, it is not necessary that such be stated in the policy alone. Such a plan for distribution of the proceeds of a policy as was made in this case in most cases results in greater benefit to the wife and children of the insured than the usual plan of making the wife and children beneficiaries in the policy. In my opinion, the Legislature of Pennsylvania intended to cover such a situation as is presented by the facts in this case." Under the Pennsylvania statute, the proceeds of the life insurance policy are exempt, whether or not the right to change the beneficiary is reserved. All of the rights reserved in the trust agreement are comprehended in the right to change the beneficiary. Having the right to change the beneficiary, the bankrupt, without any reservation at all, had every right that he reserved. In Potter Title & Trust Company, Adm'r v. Fidelity Trust Co., Trustee, 316 Pa. 316, 175 A. 400, 401, the court, in a per curiam opinion, affirmed a decree that insurance was exempt when held in trust as in the case at bar under an agreement containing reservations as broad as those in the agreement in the case at bar. In the cited case, it had been found as a fact that the insured was insolvent at the time of the creating of the trust. The court said the benefit of the exemption provided for wife and children by the Act of 1923, P. L. 884 (40 PS Pa. § 517), "inures to them whether the insured was solvent or insolvent, or had reserved the right to change the beneficiary." As to the general policy of the law, the court in that case said: "The wife and children of every man have an insurable interest in his life, and the law has always looked with favor on life insurance contracts made for their comfort and maintenance. From our earliest cases down to the present day this court has upheld and encouraged such provisions and protected them from claims of creditors."

In Smith v. Metropolitan Life Insurance Co., 43 F.(2d) 74, 76, the Circuit Court of Appeals, Third Circuit, Judge Johnson, in the opinion of the court, quoted from Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656, 49 L. Ed. 1018: "It has always been the policy of Congress, both in general legislation and in bankrupt acts, to recognize and give effect to exemption laws of the States," and affirmed a decree of the District Court holding to be exempt insur-

ance on the life of a bankrupt for the benefit of his wife and children. The court, in Re Lang (D. C.) 20 F.(2d) 236, 239, which was affirmed by the Circuit Court of Appeals, Third Circuit, in Dussoulas, Trustee, v. Lang, 24· F.(2d) 254, said: "We conclude that the effect of the acts of 1919 and 1923 was to exempt from the claims of creditors the cash surrender value of policies of the character referred to in those acts. * * * The words of the later acts extend the exemption to the insured himself, as well as to his family." In a very recent case, Mark T. Bowers, Bankrupt, and Ella L. Bowers, his Wife, v. John H. J. Reinhard, Trustee in Bankruptcy of Mark T. Bowers, Individually and as surviving Partner of Iobst-Bowers Lumber Company, Bankrupt, 78 F.(2d) 776, 777, Circuit Court of Appeals, for the Third Circuit, opinion filed June 12, 1935, the policies were designated "single premium retirement annuity" contracts. They provided that the insured, Bowers, should receive a monthly annuity at the age of 65 during the remainder of his life; that he should have an option to surrender the policy and receive the cash value; and that, at any time, he should have the right to change the beneficiary, or assign the contract. The refund clauses of the contracts provided that if Bowers should die before the first payment, his wife would receive the death benefits in an amount to be determined in accordance with the agreed schedule. If, at the death of Bowers, no designated beneficiary were living, and the contracts had not been surrendered or assigned, the benefits would be paid to his children, or, in the absence of children, to his executor or administrator; and if Bowers should fail to make an election during his lifetime, and were survived by his wife, she might designate the person to whom any amount remaining unpaid at her death should be paid. The court, in the opinion, said: "The fact that the wife's right to collect on the contracts may be divested by the happening of certain contingencies (such as the maturity of the contracts upon the annuitant's surviving to the age of sixty-five, or the exercise by the annuitant of his right to receive the cash surrender value, or the death of the wife prior to that of the annuitant) is not sufficient to alter the character of the policy. It is undisputed that, if any one of these contingencies were to occur in an endowment contract, in which the wife is named beneficiary, it would still be a policy made for the benefit of the wife and would, therefore, be within the provisions of the act. We see no valid ground for a different ruling in cases involving annuity contracts."

As the policies of life insurance were made for the benefit of the wife and children of Michael Bosak under the statute of Pennsylvania and the decisions of the Supreme Court of Pennsylvania and the federal courts, Michael Bosak was entitled to that which he borrowed on the policies, and same, as well as any other amount payable under said policies, is exempt from all claims of his creditors.

The order of the referee entered June 10, 1935, is affirmed, and the petition for review is dismissed.